DEWEY & STONE ET AL. V. JOHN KAVANAUGH ET AL.

FILED MAY 22, 1895. No. 5844.

1. **Attachment:** DELIVERY BOND: APPROVAL. Sections 206 of
the Code of Civil Procedure construed, and *held*, (1) that a de-
livery bond executed in pursuance of said section is not designed
to have, nor does it have, the effect of discharging the attach-
ment; (2) such a bond, when executed and approved, takes the
place of the attached property; (3) such bond can be approved
only by the officer holding the writ of attachment.

2. **Clerk of District Court:** APPROVAL OF DELIVERY BOND:
ACTION ON OFFICIAL BOND; LIABILITY OF SURETIES. Where
a clerk of a district court approved a delivery bond executed in
pursuance of said section and thereupon directed the officer
holding the writ of attachment to return the attached property
to the persons in whose possession it was when he attached it,
and the officer did so, and the plaintiffs in the attachment suit
recovered a judgment and an order sustaining the attachment,
and neither said property nor its appraised value in money was
forthcoming to answer said judgment, and the plaintiffs in at-
tachment sued the clerk and the sureties on his official bond
for approving said delivery bond because in fact some of said
sureties thereon had not signed the same, *held*, (1) that it was
no part of the duty of the clerk of the district court to approve

such bond, and that his doing so was not an act done by virtue of his office, and that, therefore, the sureties on his official bond were not liable for such act of the clerk; (2) that the mere facts that the clerk approved the bond and directed the sheriff to release the attached property, in the absence of evidence of fraud or deceit practiced by the clerk, were not alone sufficient to render him liable to the plaintiffs in attachment for the loss sustained by reason of the clerk's approval of the bond and the release of the property by the sheriff in obedience to the order of the clerk.

ERROR from the district court of Greeley county. Tried below before HARRISON, J.

*Batty, Casto & Dungan, James R. Hanna, Wright & Wright,* and *G. W. Scott,* for plaintiffs in error.

*M. B. Gearon* and *T. J. Doyle, contra.*

RAGAN, C.

Dewey & Stone and others brought this suit in the district court of Greeley county against John Kavanaugh, the clerk of the district court of said county, and the sureties on his official bond. A general demurrer was sustained to the petition and the action dismissed. The correctness of the ruling of the district court in sustaining this demurrer is the only question presented here.

The petition alleged, in substance, that in September, 1891, the plaintiffs in error brought certain actions in the district court of said Greeley county against a copartnership by the name of Jordan & McCarthy. These actions were brought for the recovery of money. Attachments were issued and levied upon the goods and chattels of the said Jordan & McCarthy. On the 28th of May, 1888, the sheriff of said county returned the several writs of attachment in his hands, showing that he had levied them on the goods and chattels of Jordan & McCarthy, and that he then had the said goods in his possession by virtue of their seizure under

said attachment writs; that on the 7th of June, 1888, the clerk of the district court received from Jordan & Mc-Carthy a bond in words and figures as follows:

"Whereas, * * * the sheriff of Greeley county, Nebraska, did on the 15th day of May, 1888, on an order of attachment issued out of the district court of Greeley county, * * * attach certain goods and chattels in the hands of Jordan & McCarthy in a case pending in said district court wherein Dewey & Stone et al. * * * are plaintiffs and Jordan & McCarthy are defendants, which property is appraised at the sum of $1,362.99, and which property is now delivered to Jordan & McCarthy at their request: Now, that Jordan & McCarthy, as principals, and Daniel Ford and P. H. McCarthy, as sureties, do hereby undertake to the plaintiffs in the sum of $2,725.98 that said property to-wit, a certain stock of hardware and furniture now in the store of Jordan & McCarthy in Greeley Center, Nebraska, or its appraised value in money, shall be forthcoming to answer to the judgment of the court in this action.                     JORDAN & McCARTHY,

"By E. J. JORDAN.
"DANIEL FORD.
"P. H. McCARTHY.
"MICHAEL McCARTHY."

and that Kavanaugh, in his official capacity as clerk, on said day duly approved said bond; that said Kavanaugh on said date, after the approval by him of said bond, issued to the sheriff of said Greeley county an order in writing in words and figures as follows:

"STATE OF NEBRASKA, } ss.
"GREELEY COUNTY. }

"To the sheriff of said county: Whereas, the defendants Jordan & McCarthy have executed to the plaintiffs a bond as provided in section 206 of the Code of Civil Procedure, in double the amount of $1,362.99 as stated in the bond, which has been approved by me, to the effect that the de-

fendants shall perform the judgment of the court: You are therefore commanded to restore the property attached in said action, or the proceeds thereof, to the said Jordan & McCarthy, or their agents or attorneys, and make due return of this order. Signed this 7th day of June, A. D. 1888.

"JOHN KAVANAUGH,<br>"<em>Clerk of the District Court.</em>"

That the sheriff of said county, in pursuance of said order, restored the goods and chattels which he had attached to the said Jordan & McCarthy, and on the 7th of June, 1888, made due return on the writs of attachment in his hands to that effect; that such proceedings were afterwards had in the suits of the plaintiffs in error against Jordan & McCarthy that the plaintiffs in error obtained judgments against the said Jordan & McCarthy for certain sums of money and also a judgment against the said Jordan & Mc-Carthy sustaining the attachments against their goods and chattels, and an order that said goods be sold to satisfy the said judgments; that all said judgments remained wholly unsatisfied at the time of bringing of this suit; that the said Jordan & McCarthy had failed to have the attached property forthcoming to answer the judgments of the district court pronounced in said suits, and the said Jordan & McCarthy had failed to pay into court or to the plaintiffs in error, or to any one for them, the appraised value of said attached property in money; that Jordan & McCarthy and each of them were insolvent; that execution had been issued on the judgments obtained by the plaintiffs in error against the firm of Jordan & McCarthy and been returned wholly unsatisfied; that the plaintiffs in error had instituted suit in the district court of Greeley county against Jordan & McCarthy as principals and the parties whose names were signed as sureties to the bond or obligation executed by them and approved by the clerk of the district court on the 7th of June, 1888; that said suit resulted in a finding and judgment of said court that Daniel Ford, P. H. Mc-

Carthy, and Michael McCarthy, the parties whose names were signed as sureties to the bond of Jordan & McCarthy of June 7, 1888, and approved by the clerk, never in fact executed said bond. The petition then alleged in effect that Kavanaugh, the clerk, by approving the bond and sureties of Jordan & McCarthy dated June 7, 1888, when in fact the sureties to said bond did not sign the same, had been guilty of official misconduct, had become liable to the plaintiffs in error on his official bond for the appraised value of said attached property.

The bond which the clerk approved was executed in pursuance of and under the provisions of section 206 of the Code of Civil Procedure, which provides: "The sheriff shall deliver the property attached to the person in whose possession it was found, upon the execution by such person, in the presence of the sheriff, of an undertaking to the plaintiff, with one or more sufficient sureties, resident in the county, to the effect that the parties to the same are bound in double the appraised value thereof, that the property or its appraised value in money shall be forthcoming to answer the judgment of the court in the action." It was not the duty of the clerk of the district court to approve this bond, and his act in approving this bond was not one done by virtue of his office. It was the duty of the sheriff to hold in his possession the property he had attached at the suit of the plaintiffs in error against Jordan & Mc-Carthy, unless they had given him a bond, with sureties approved by himself, to have said property or its appraised value in money forthcoming to answer the judgment of the court; or unless Jordan & McCarthy had procured the dissolution of the attachment by the execution of a bond in pursuance of sections 219 and 220 of the Code of Civil Procedure. The execution of the bond provided for by said section 206 was not designed to have, nor did it have, the effect of discharging the attachments. The case and all its proceedings stood precisely as if such bond had not

been given. The only effect of the bond was to have it take the place of the property; and such bond could be approved, and approved only, by the officer holding the writ of attachment. (*Cortelyou v. Maben*, 40 Neb., 512.) Until such officer had approved such bond he was without authority to release said property or deliver it to Jordan & McCarthy. He may have been misled by the order made by the clerk of the district court, but that order affords no protection whatever to the sheriff. He was bound to know the law. Kavanaugh, by approving the redelivery bond of Jordan & McCarthy, in effect certified not only that the parties whose names appeared on said bond as sureties actually signed it in his, Kavanaugh's, presence, but that they were financially responsible; but it was no part of Kavanaugh's duty as clerk of the district court to approve this bond and, therefore, the act was not one done by virtue of his office, and consequently the sureties on his bond are not liable for his act or misconduct, if it was misconduct, as sureties on official bonds are answerable only for such acts of their principals as are done by virtue of their office. (*Ottenstein v. Alpaugh*, 9 Neb., 237.)

Counsel for plaintiffs in error insist that Kavanaugh at least was liable to them, and for that reason that the demurrer should have been overruled; but it is to be remembered that this is not an action against Kavanaugh for any wrong or deceit practiced by him by which the plaintiffs in error were damaged, and the petition contains no averments of fact which show or tend to show that Kavanaugh in anything that he did was actuated by other than honest motives. From anything that appears in this petition Kavanaugh thought he had authority to approve this bond and order the sheriff to release the property, and the mere facts that Kavanaugh approved the bond and directed the sheriff to release the attached property are not alone sufficient to render Kavanaugh liable to the plaintiffs in error. The petition, therefore, does not state a cause of action

against either Kavanaugh or the sureties on his official bond. The district court was right in sustaining the demurrer, and its judgment is

AFFIRMED.

HARRISON, J., not sitting.