BURNHAM-MUNGER-ROOT DRY GOODS COMPANY, APPELLEE,
v. E. J. STRAHL, APPELLANT.

FILED FEBRUARY 1, 1918. No. 19857.

Attachment: "DISCHARGE" BOND: EFFECT. After a defendant in an attachment proceeding has given a "forthcoming" bond under the provisions of section 7740, Rev. St. 1913, he may move to dissolve the attachment, because the attachment is still in force and effect; but he may not do so if he gives a "discharge" bond under section 7753, Rev. St. 1913, because the approval of such a bond *ipso facto* discharges the writ, and there is nothing left to dissolve.

APPEAL from the district court for Pierce county: ANDREW R. OLESON, JUDGE. *Affirmed.*

*Fradenburg, Van Orsdel & Matthews, A. G. Cole* and *M. H. Leamy,* for appellant.

*Fred H. Free, contra.*

LETTON, J.

This was an action for the recovery of money. A writ of attachment was issued and levied upon a stock of goods belonging to defendant. A few days afterwards defendant executed a bond with sureties, in which they "do hereby undertake to plaintiff in the sum of $5,177.54 that the defendant shall perform the judgment of the court in this action and pay the judgment and costs rendered against him." Afterwards defendant moved to dissolve the attachment on the ground that the affidavit was insufficient and that it was false and untrue. Plaintiff then moved to strike this motion from the files upon the grounds that the defendant is estopped from moving the dissolution of the attachment at this time by electing to discharge the attachment by giving the bond mentioned, instead of giving a forthcoming or redelivery bond, and that the attachment had already been wholly discharged by the act of the defendant and by operation of law. The motion to strike the motion to dissolve was sustained, and after a trial, judgment was rendered for plaintiff.

The only question presented is whether the court erred in refusing to consider the motion to dissolve the attachment after the giving of the bond to discharge the same. The statutes of Nebraska provide two methods by which the debtor may regain possession of property attached without a hearing upon the validity of the attachment. Section 7740, Rev. St. 1913, provides, in substance, that the sheriff shall deliver the property attached to the person in whose possession it was found upon the execution by such person in the presence of the sheriff of an undertaking to plaintiff "that the property or its appraised value in money shall be forthcoming to answer the judgment of the court in the action." This is usually known as a "redelivery" or "forthcoming" bond. In *Dewey & Stone v. Kavanaugh*, 45 Neb. 233, it was held that the defendant may move to dissolve the attachment after a forthcoming

or redelivery bond is given. This seems to be the general rule in all courts whenever a bond of this nature is given. The other manner of procuring the property is provided for by section 7753, Rev. St. 1913. This provides: "If the defendant, or any other person on his behalf, at any time before judgment, cause an undertaking to be executed to the plaintiff by one or more sureties resident in the county, to be approved by the court, in double the amount of the plaintiff's claim as stated in his affidavit, to the effect that the defendant shall perform the judgment of the court, the attachment in such action shall be discharged and restitution made of any property taken under it or the proceeds thereof. Such undertaking shall also discharge the liability of a garnishee in such action for any property of the defendant in his hands." The next section provides that in vacation the undertaking may be executed in the presence of the sheriff having the order of attachment, and the sureties be approved by him.

The appellant contends that the same right to contest the validity of the attachment exists after the giving of a discharge bond as in the case of a forthcoming bond. There is a decided conflict in the decisions. A full statement of the principles involved and a list of cases may be found in 6 C. J. 338, and it is said: "The decided weight of authority is in support of the view that the giving of such a bond operates as a waiver on the part of the attachment defendant to move for a dissolution of the attachment thereafter." The question is discussed at length in *Fox v. Mackenzie,* 1 N. Dak. 298, and the cases examined. In the recent case of *Moffitt v. Garrett,* 23 Okla. 398, it is held, under a statute word for word the same as section 7753, that an obligor in such a bond "is absolutely liable in an action against him on the bond for the amount recovered in the action in which the bond was given, without reference to the question whether the attachment was rightfully or wrongfully issued, and the defendant

is precluded by such bond from controverting the grounds of the attachment.'' A large number of decisions are set forth in the opinion, and it is said that, while there are a few authorities which appear to support a contrary view, the overwhelming weight of authority seems to support the view announced by that court. There is a monographic note to this case in 32 L. R. A. n. s. 401. It appears that in *Edwards Co. v. Goldstein,* 80 Ohio St. 303, the supreme court of Ohio, construing provisions of the Ohio Code identical with the provisions of sections 7753, 7769, Rev. St. 1913, hold that the latter provisions apply to all cases in which bonds have been given, and not alone to redelivery. The Ohio decisions were not uniform on this point until this case was decided. Its reasoning is not clear and satisfactory and we are convinced that the better rule was adopted by courts taking the other view.

The proper limits of this opinion will not permit a lengthy statement of the reasons given by the great majority of the courts for adopting this conclusion. Stated summarily, they are: The defendant has the choice of obtaining the possession of the attached property by giving the forthcoming bond (section 7740), which only renders him liable for the property or its appraised value, and which makes no provision for the discharge of the attachment, leaving it in existence and subject to attack; or, on the other hand, to give the discharge bond (section 7753) by which he becomes liable to perform the judgment of the court and by which the attachment is wholly discharged. In the one case the giving of the bond leaves the attachment in force, and in the other it procures its discharge. When defendant made the motion to dissolve the attachment in this case, it had already been dissolved by the giving of the bond and the property had been delivered to him. The provisions of section 7769, permitting a motion to dissolve to be made at any time before judgment, evidently can only apply to an attachment which

is in existence, and not to one which has already been discharged.

While it is true, as defendant contends, that the statutory provisions mentioned seem to have been adopted from the Ohio Code, and that as a general rule, where a statute has been copied from the statute of another state which has been theretofore judicially construed in that state, it will be presumed that the legislature intended to adopt both the statute and the construction given by the courts of that state, yet this is not a uniform rule and has been departed from for good reasons by this court on several occasions. Moreover, it is since this provision was inserted in our Code that the supreme court of Ohio passed upon it. Substantially the same provisions existed in other states before they were enacted by Ohio or adopted by this state; Missouri having a like statute in 1831. *Payne v. Snell*, 3 Mo. 410. There is as much reason for adopting the contrary construction given by the courts of such states as for adopting that given by the court of Ohio.

We believe that sound reason is in accordance with the majority rule, and that the district court committed no error when it refused to consider the motion to dissolve.

AFFIRMED.

HAMER, J., dissents.

SEDGWICK, J., not sitting.

DEAN, J., dissenting.

It seems that the giving of an undertaking, "to the effect that the defendant shall perform the judgment of the court," should presuppose the suing out of a valid attachment by plaintiff. Such must have been the legislative intent. Rev. St. 1913, sec. 7769. Will it be contended that, under the statutes in question, an attachment in which no undertaking has been given or one in which no affidavit has been filed would confer

jurisdiction of subject-matter? And if at any stage of the proceeding it should be shown that the affidavit is false, or that no undertaking had been given, and that the court therefore never in fact had jurisdiction of the subject-matter, it would seem that the situation would be the same as if no affidavit was filed in the first instance.

In 1909 the Ohio court in *Edwards Co. v. Goldstein*, 80 Ohio St. 303, cited in the main opinion, in construing statutes identical with ours, held: "A defendant may at any time before judgment, under section 6522, Revised Statutes, move for the discharge of an attachment under which his property has been taken, although he has previously given a bond for its discharge under section 6513, Revised Statutes." In the body of the opinion it is said: "Certainly the statute does not in terms express the legislative intention that the validity of the attachment may or may not be contested after the giving of the bond by the defendant."

The section under consideration has not heretofore been construed by this court, and, unless the Ohio interpretation is clearly wrong it should be adopted, and mainly for the reasons stated on this point in the majority opinion.