[Civil No. 3263.   Filed October 3, 1932.]

[14 Pac. (2d) 743.]

ISAAC BARTH, Appellant, v. SCOTT WHITE, Secretary of State of the State of Arizona, Appellee.

Mr. Isaac Barth, for Appellant.

Mr. K. Berry Peterson, Attorney General, and Mr. J. R. McDougall, Assistant Attorney General, for Appellee.

Messrs. Elliott & Lewis, *Amicus Curiae.*

LOCKWOOD, J.—Isaac Barth, hereinafter called plaintiff, brought suit in the superior court of Maricopa County against Scott White, as Secretary of State of the state of Arizona, hereinafter called defendant, for the purpose of enjoining the latter against placing on the ballot at the general election to be held in November, 1932, a constitutional amendment proposed by the initiative petition of some 22,000 qualified electors of the state of Arizona. De-

fendant demurred to the complaint generally, which demurrer was by the court sustained, and, plaintiff electing to stand on his complaint, the case was ordered dismissed, and an appeal has been taken from such judgment and order of dismissal.

The first point which we have to consider is as to the plaintiff's right to maintain an action of this nature. He claims this is expressly authorized by section 1744, Revised Code of 1928, which reads as follows:

"§ 1744. *Mandamus* to compel secretary of state to file; injunction to restrain; venue. If the secretary of state shall refuse to accept and file any petition for the initiative or for the referendum or proposal for a constitutional amendment which has been presented within the time prescribed, any citizen may apply, within ten days after such refusal, to the superior court for a writ of *mandamus* to compel him to do so. If the court find that such petition is legally sufficient, the secretary shall then file it, with a certified copy of the judgment attached thereto, as of the date on which it was originally offered for filing in his office; if any petition filed is not legally sufficient, the court may enjoin the secretary or other officers from certifying or printing on the official ballot for the ensuing election the measure proposed or referred. Such actions shall be advanced on the docket and heard and decided by the court as quickly as possible. Either party may appeal to the supreme court within ten days after judgment. The superior court of Maricopa county shall have jurisdiction in all measures to be submitted to the electors of the state at large; in cases of local and special measures, the superior court of the county, or of one of the counties in which such measures are to be voted upon, shall have jurisdiction."

It is contended by defendant that, while a private citizen may compel by *mandamus* the placing of an initiated measure *on* the ballot, the same right is not extended to him when it is a question of keeping one

*off*, and that the Attorney General, acting on behalf of the state itself, is the only person who can maintain the latter action. In support of this contention we are cited to the cases of *Friendly* v. *Olcott*, 61 Or. 580, 123 Pac. 53; *State* v. *Olcott*, 62 Or. 277, 125 Pac. 303; *State ex rel. Carson* v. *Kozer*, 126 Or. 641, 270 Pac. 513.

We have previously held in the case of *State* v. *Osborn*, 16 Ariz. 247, 143 Pac. 117, that our Constitution is similar to the states of Oklahoma and Oregon in so far as initiative provisions are concerned, and the statute existing in Oregon, and covering situations similar to that in the case at bar, at the time of the decisions above quoted, was almost identical in form with section 1744, *supra*. Such being the case, the Oregon decisions would be extremely persuasive to us in a construction of our statute. They are not, however, necessarily absolutely binding. *Kingsbury* v. *State*, 28 Ariz. 86, 235 Pac. 140; *Burnham-Munger Root D. G. Co.* v. *Strahl*, 102 Neb. 142. 166 N. W. 266; *Barkley* v. *Pool*, 103 Neb. 629, 173 N. W. 600; *Davis Iron Works Co.* v. *White*, 31 Colo. 82, 71 Pac. 384; *Jamison* v. *Burton*, 43 Iowa 282; *Com.* v. *Hartnett*, 3 Gray (Mass.) 450.

The Oregon court holds that the remedy by *mandamus* is available to the citizen, while that by injunction is not, and apparently bases the distinction on the theory that the right to proceed by *mandamus* is *expressly* given to the citizen while that by injunction is at most inferential, and that, since the action is political in its nature rather than one involving property in civil rights, the ordinary chancery jurisdiction of the court will not be extended beyond the express terms of the statute.

The Supreme Court of Nebraska in the case of *Barkley* v. *Pool*, *supra*, in construing a local statute which is very similar to the Oregon one, had the

same contention made to it, that, since Nebraska had adopted the Oregon statute, it was bound by the construction placed by the Supreme Court of Oregon upon its statute in *Friendly* v. *Olcott, supra.* Replying to this contention, the court said:

" . . . This court is not irrevocably committed to that rule. In *Burnham-Munger Root Dry Goods Co.* v. *Strahl,* 102 Neb. 142, 166 N. W. 266, in discussing this point it is said:

" 'This is not a uniform rule and has been departed from for good reasons by this court on several occasions.'

"As pointed out in oral argument and in briefs of counsel, the construction of the Oregon statute was based on the former practice in that state and was not, strictly speaking, an independent construction of the statutory language. On principle and in view of our former holding we decline to adopt the Oregon construction. It may be added that Oregon has preserved the distinction between actions at law and suits in equity, while in this state such distinctions are expressly abolished by statute. We conclude that under the act any citizen may make a 'showing that any petition filed is not legally sufficient' and may invoke the remedy by injunction."

We have said in the case of *Allen* v. *State,* 14 Ariz. 458, 130 Pac. 1114, 44 L. R. A. (N. S.) 468:

"Section 3, chapter 71, Session Laws of Special Session of 1912, provides the legal method of testing the sufficiency of initiated and referred petitions, and empowers the courts to enforce or restrain action upon the part of the administrative officers as the merits of the case demand; and this power of the courts may be invoked by any citizen of the state. If the measure, as it is now contended, was to be submitted to the voters at the wrong election, or if, as is now urged, it was impossible to give the measure the publicity required, the courts were open to any citizen, and possessed the power, upon a proper showing, to confine the administrative acts of officers within the law."

It is true that the statement made therein was not absolutely essential to the decision of the case, which was based specifically on the ground that objections of this nature must be raised before a referendum was adopted by the people and not after. We are nevertheless of the opinion that the rule laid down in the Allen case is correct. We can see no reason why the interest of a citizen may not be as great in preventing an initiative petition not legally sufficient from being submitted to a vote as in compelling that one legally sufficient should be so submitted. The distinction made by the Supreme Court of Oregon is, in our opinion, not in consonance with the general spirit of the initiative and referendum laws, and we therefore hold in accord with the language quoted from the Allen case, *supra,* that petitioner had the right to maintain the present action.

We then examine the appeal on its merits, and in doing so we can, of course, consider only the issues made by the record before us. The complaint sets up in substance as follows:

"II.

"That on the 7th day of July, 1932, there was filed in the office of the Defendant a certain initiative petition which said petition is in letters and figures as follows, to-wit:

"Initiative Measure to be Submitted Directly to the Electors

"Warning

"It is a felony for anyone to sign an initiative or referendum petition with any name other than his own, or knowingly to sign his name more than once and for the same measure, or proposed constitutional amendment, or knowingly to sign such petition when he is not a qualified elector.

"Initiative Petition

"To the Honorable Scott White, Secretary of State for the State of Arizona:

"We, the undersigned citizens and qualified electors of the State of Arizona, respectfully demand that the following proposed amendment of the Constitution shall be submitted to the qualified electors of the State of Arizona, for their approval or rejection at the next regular general election, and each for himself says: I have personally signed this petition; I have not signed any other petition for the same measure; I am a qualified elector of the State of Arizona, County of Maricopa and my place of residence (including street and number, if they exist) is correctly written after my name.

"Proposed Amendment to the Constitution of the State of Arizona

"Repealing in its entirety sections 1, 2, and 3, article XXIII of the Constitution of the state of Arizona as amended at the general election of November 3, 1914, and sections 1 and 2 of article XXIV of the Constitution of the state of Arizona as amended at the general election of November 7, 1916, and repealing all laws enacted pursuant thereto.

"Be It Enacted by the People of the State of Arizona:

"The Constitution of the State of Arizona is amended as follows:

"Sections 1, 2, and 3, Article XXIII of the Constitution of the State of Arizona as amended at the General Election of November 3, 1914, and Sections 1 and 2 of Article XXIV of the Constitution of the State of Arizona as amended at the General Election of November 7, 1916, and all Laws pursuant to these provisions and each of them and specifically that part of Chapter 104, to-wit: Paragraphs 4665, 4666, 4667 and 4668, of Article VIII of said Chapter of the Revised Code of Arizona of 1928 and Amendments thereto are hereby repealed.

## "III.

"That said initiative Petition consisted of divers and sundry sheets of paper numbering in excess of 50 such sheets and each sheet being identical in letters and figures as the one hereinbefore described with the exception that some of the sheets had written therein the name of some other County in Arizona where the name Maricopa County appears in the sheet hereinbefore described, and that each and all of the said sheets bore numerous signatures of the qualified electors of the State of Arizona, which Plaintiff is informed and believes and therefore alleges the fact to be were to the aggregate number of more than 22,000 such signatures."

It then alleges that the petition is legally insufficient for the reason, in substance, that the amendment as proposed does not conform to the provisions of article 4, part 2, sections 13 and 14, of the Constitution, which read as follows:

"Section 13. Every Act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be embraced in the title.

"Section 14. No Act or section thereof shall be revised or amended by mere reference to the title of such Act, but the Act or section as amended shall be set forth and published at full length."

It is urged in reply by defendant, first, that the proposed amendment does comply with the sections of the Constitution just above quoted, and, second, that the question cannot be raised in this proceeding for the reason that it is an attack upon the constitutionality of a law before the same has been enacted by the proper authority, and in support of these contentions he cites the cases of *In re Miller*, 29 Ariz. 582, 244 Pac. 376, and *State* v. *Osborn, supra.*

The argument made by counsel on these points is interesting, but we think it unnecessary to consider them, as in our opinion there is a far more fundamental objection to the position taken by plaintiff. A question very similar to, if not identical with, the one raised by him, has previously been before the courts of last resort of Colorado, Georgia, Minnesota and Idaho, and these courts have held that constitutional provisions such as sections 13 and 14, part 2, article 4, *supra,* do not apply to proposed constitutional amendments submitted by the legislature to the people. *Hays* v. *Hays,* 5 Idaho 154, 47 Pac. 732; *McCall* v. *Wilkins,* 145 Ga. 342, 89 S. E. 219; *Julius* v. *Callahan,* 63 Minn. 154, 65 N. W. 267; *Nesbit* v. *People,* 19 Colo. 441, 36 Pac. 221.

The section of the Idaho Constitution referred to in *Hays* v. *Hays, supra,* is identical with section 13, *supra,* of our Constitution, while the sections of the Constitutions of Colorado, Georgia and Minnesota involved are substantially the same in meaning. After diligent search, we have been unable to find a single case holding or even suggesting that constitutional limitations of this nature apply to proposed constitutional amendments. If it be true that the legislature, which must submit an amendment either by an act or joint resolution, is not subject to such limitations, much less would it seem to be that an initiative petition by the people, which is neither an act nor joint resolution, should be subject thereto. The only requirement of the Constitution or statutes in regard to the title or text of an initiative petition is that it shall have *some* title and *some* text. Article 4, part 1, § 1, subd. 9, Const. Ariz.; Section 1742, Rev. Code 1928. These the amendment above quoted obviously has. The complaint alleges specifically that the full title and text of the proposed amendment appeared on "divers and sundry sheets of paper num-

bering in excess of 50,'' and that the aggregate numbering of the signatures of qualified electors of the state appearing upon said sheets amounted to more than 22,000. We are of the opinion that the complaint shows affirmatively by definite and positive allegations that the petition was sufficient in form and bore the number of legal signatures required by the Constitution. Nothing further is required to make it the duty of defendant to place the proposed amendment on the ballot.

A brief was filed by counsel appearing as *amicus curiae* discussing another and most interesting question which we have not referred to. On oral argument, however, counsel stated frankly that the question presented by this last-named brief was not raised by the pleadings or the record in this case. We cannot, of course, on this appeal consider any issue not presented properly by the record. For the foregoing reasons, the judgment of the superior court of Maricopa county is affirmed.

McALISTER, C. J., and ROSS, J., concur.