965 P.2d 768

**Dorothy Dean MEYERS, Plaintiff,**

v.

**Betsy BAYLESS, Secretary of State of the State of Arizona, et al., Defendants,**

and

**ARIZONANS FOR CLEAN ELECTIONS, Real Party in Interest.**

No. CV–98–0398–AP.

Supreme Court of Arizona, En Banc.

Oct. 22, 1998.

Lisa T. Hauser, Scottsdale, for Dorothy Dean Meyers.

Grant Woods, Attorney General by Thomas I. McClory and M. Colleen Connor, Assistant Attorneys General, Phoenix, for Betsey Bayless, Secretary of State, et al.

Brown & Bain, P.A. by Paul F. Eckstein, Joel W. Nomkin, Timothy A. Nelson and John J. Tuchi, Phoenix, for Arizonans for Clean Elections.

Richard M. Romley, Maricopa County Attorney By Jill M. Kennedy, Deputy County Attorney, Phoenix, for Maricopa County Board of Supervisors.

## OPINION

MARTONE, Justice.

¶1 This is a direct appeal under A.R.S. § 19–122(C)(Supp.1997) from the judgment of the superior court holding that an initiative measure, known as Proposition 200, has a title legally sufficient in form to satisfy Article IV, Part 1, Section 1(9) of the Arizona Constitution. We affirmed by order following oral argument in order not to delay the ballot printing process. This is our opinion.

I.

¶2 Arizonans for Clean Elections circulated and filed an initiative petition. Attached to each petition sheet was a complete copy of the proposed measure. The first

three lines of the attached measure are typed, double spaced, as follows:

Be it enacted by the voters of the State of Arizona:

*Section 1.* In title 16, chapter 6, add the following article:

ARTICLE 2. CITIZENS CLEAN ELECTIONS ACT

¶ 3 The substantive provisions that follow are single spaced in capital letters. "ARTICLE 2. CITIZENS CLEAN ELECTIONS ACT," is the only article proposed in the measure.

¶ 4 The Secretary of State decided that the initiative was supported by a sufficient number of voter signatures and certified it for the November 3, 1998 general election ballot as Proposition 200. In preparing the ballot the Secretary of State asked the Attorney General for legal advice about the title of the measure. The Attorney General advised her to use the heading, "CITIZENS CLEAN ELECTIONS ACT," in the third line of the measure.

¶ 5 Dorothy Dean Meyers is a qualified elector residing and registered to vote in Maricopa County. Meyers sought an injunction under A.R.S. § 19–122(C) ordering the Secretary to revoke her certification of Proposition 200 and prohibiting the printing of Proposition 200 on the general election ballot. Meyers claimed the measure completely lacked a title in violation of Article IV, Part 1, Section 1(9) of the Arizona Constitution. After a hearing, the trial court concluded that the measure had a title in "CITIZENS CLEAN ELECTIONS ACT," particularly when viewed under the substantial compliance test. Meyers appealed directly to this court within the 10 days required by A.R.S. § 19–122(C).

II.

¶ 6 The Constitution requires that "[e]ach sheet containing petitioners' signatures shall be attached to a full and correct copy of the title and text of the measure so proposed to be initiated...." Ariz. Const. art. IV, pt. 1, § 1(9). A.R.S. § 19–121(A)(3) (Supp.1997) repeats the rule for signature sheets filed with the Secretary of State. A.R.S. § 19–112(B) (Supp.1997) does the same and adds

the requirement that the title and text be printed in no smaller than eight point type.

¶ 7 Meyers argues that because the measure attached to the petition begins with an enacting clause, all that follows is text—as distinguished from the required title *and* text. She concedes that if the four words "CITIZENS CLEAN ELECTIONS ACT" were at the top of the page rather than in the third line as the title of an article, then those words would satisfy constitutional and statutory title requirements. Meyers argues the measure's lack of a title kills the initiative because A.R.S. § 19–121.01(A)(1)(a) (Supp. 1997) requires the Secretary of State to remove and not count signatures on sheets not attached to a copy of the "title and text of the measure." In addition, A.R.S. § 19–112(C)(Supp.1997) requires an affidavit that each petition sheet was at all times during circulation attached to a copy of the title and text. Petition sheets containing defective affidavits of circulators are invalid. *Brousseau v. Fitzgerald*, 138 Ariz. 453, 456, 675 P.2d 713, 716 (1984).

¶ 8 Arizonans for Clean Elections argues there is a title—it just happens to be the title of Article 2.

III.

¶ 9 In deference to the people's power to legislate we liberally construe statutory and constitutional requirements that go to the form of an initiative petition. *Kromko v. Superior Court,* 168 Ariz. 51, 57–58, 811 P.2d 12, 18–19 (1991). This means that the "legal sufficiency" standard of A.R.S. § 19–122(C) requires substantial, not necessarily technical, compliance with the law. *Id.* at 58, 811 P.2d at 19. Although substantial compliance is not sufficient when the Constitution expressly makes any departure fatal, *id.,* our Constitution does not do so with respect to the title requirement.

¶ 10 We have said that the constitutional requirement that an initiative petition be attached to the title and text of the proposed measure means there must be "*some* title and *some* text." *Barth v. White*, 40 Ariz. 548, 556, 14 P.2d 743, 746 (1932). But beyond this instruction and the constitutional and statutory provisions described *ante*, nothing in our law guides the drafters of initiatives, or this court, as to the form of a title to an initiative measure.

¶ 11 We agree with Meyers that if technical compliance were required, this measure would not have a title. A title should precede the measure. We also agree with Meyers that it is unusual for the proponents of an initiative not to put the title before the measure. It is obviously the prudent and wise thing to do to avoid litigation of this sort. But because it is an initiative, the substantial compliance rule applies.

¶ 12 There are two factors here that compel us to conclude that there has been substantial compliance in fact. First, the title of Article 2 is visually set off from the text by its spacing, centering, and capitalization. The format of the measure draws a reader's attention to "CITIZENS CLEAN ELECTIONS ACT." Second, and critically important here, this measure contains only one article and thus the title of the article is de facto the title of the measure. Had Article 2 not had a title, or had there been more than one article, we would have had a different case. But for these two critical factors, there would not have been substantial compliance here. *See State ex rel. Esch v. Lake County Bd. of Elections*, 61 Ohio St.3d 595, 575 N.E.2d 835, 836 (Ohio 1991)(striking down initiative for lack of a title where it began directly with legislative language).

¶ 13 While these fortuitous factors saved this measure, future petition circulators may not be so lucky. It is as simple as putting the title first.

ZLAKET, C.J., and JONES, V.C.J., and FELDMAN and McGREGOR, JJ., concurring.