[Civ. No. 7322. First Appellate District, Division One.—July 21, 1930.]

FRANK LIMA, Appellant, v. M. C. WOODRUFF et al., Respondents.

O. H. Speciale for Appellant.

Archer Bowden, City Attorney, for Respondents.

DOOLING, J., *pro tem.*—This is an appeal from a judgment denying appellant a peremptory writ of mandate to compel respondent Woodruff, as building inspector of the city of San Jose, to issue a permit for the construction of a combined residence and store building. After appellant and his architect had taken up orally with respondent Woodruff the matter of the issuance of such permit, but before any written application had been made therefor, a certain emergency Ordinance No. 2232 was adopted by the city council of San Jose which directed the building inspector not to issue any building permit for any building not in conformity to the provisions of a certain preliminary zoning ordinance, the adoption of which had been recommended to said city council by the planning commission. Under the terms of said zoning ordinance, which was afterward adopted by the council, a building of the character sought to be constructed by appellant upon his lot was prohibited.

Appellant's contention that the emergency recital of said Ordinance No. 2232 is insufficient is answered by the case of *Miller* v. *Board of Public Works;* 195 Cal. 477, 496 [38 A. L. R. 1479, 234 Pac. 381, 388]. The recitals of the emergency in the ordinance before us are grounded on the statement of the Supreme Court in the Miller case that "it would be destructive of the (zoning) plan if, during the period of its incubation, parties seeking to evade the operation thereof should be permitted to enter upon a course of construction which might progress so far as to defeat in whole or in part the ultimate execution of the plan." The method of adopting comprehensive zoning ordinances involving, as it necessarily does, a lengthy study by the planning commission, and public hearings before the city council after a tentative ordinance has been recommended to the council by the planning commission, makes it imperative, if the ultimate plan adopted is not to be largely defeated by property owners constructing nonconforming buildings during what the Supreme Court in the Miller case calls the incubation period, that some preliminary ordinance should be adopted to maintain the *status quo* until

the details of the zoning ordinance can be worked out and such ordinance finally adopted.

Appellant further attacks said emergency ordinance upon the ground that in its adoption the city council did not follow the procedure outlined in the Zoning Enabling Act (Stats. 1917, p. 1419), and cites in support of his contention *Berrata* v. *Sales,* 82 Cal. App. 324 [255 Pac. 538], and *Hurst* v. *Burlingame,* 207 Cal. 134 [277 Pac. 308]. Since the decision of the Berrata case the Supreme Court has held in *Brougher* v. *Board of Public Works,* 205 Cal. 426 [271 Pac. 487], that in a city operating under a freeholders' charter, and San Jose is such a city, the manner of adopting a zoning ordinance is controlled by the charter provisions and not by general law. It is not disputed that the emergency ordinance was adopted in the manner provided by the San Jose charter. The Hurst case is not in point, since the city of Burlingame is a city of the sixth class organized under the Municipal Corporation Act and not under a freeholders' charter. While the Berrata case is not referred to in the opinion in the Brougher case, the Brougher case is the latest expression of the Supreme Court on the subject and therefore controlling upon us.

All that has been said heretofore applies with equal force to the second emergency ordinance adopted after the final report of the planning commission was made to the city council.

Appellant's claim of estoppel by the conduct of respondent Woodruff is not borne out by the evidence or the findings and in no event could a mere administrative officer by his conduct estop the legislative body of the city from adopting and enforcing a police regulation which it deemed necessary or advisable (*Maguire* v. *Reardon,* 41 Cal. App. 596, 602 [183 Pac. 303]).

Entirely apart from the considerations hereinabove discussed, the judgment must be affirmed because at no time was an application for the permit made in writing as required by the building ordinance of the city of San Jose and before the time of trial the zoning ordinance itself had been finally adopted and come into effect.

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 11, 1930.