DEERFIELD REALTY COMPANY, A CORPORATION, RELATOR, v. FRANK HAGUE, WILLIAM B. QUINN, MICHAEL I. FAGEN, ARTHUR POTTERTON AND JOHN BEGGANS, THE MEMBERS OF THE BOARD OF COMMISSIONERS OF JERSEY CITY, CONSTITUTING THE MAYOR AND ALDERMEN OF JERSEY CITY, RESPONDENTS.

Submitted January 31, 1930—Decided August 2, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the relator, *Carey & Lane* (*Harry Lane,* of counsel).

For the respondents, *Thomas J. Brogan.*

PER CURIAM.

This matter comes before the court on a rule directing the respondents to show cause why an alternative or peremptory writ of *mandamus* should not be granted to the relator directing the respondents, the members of the board of commissioners of Jersey City, to issue to the relator a building permit for a building to be used for the sale of gasoline, oil and automobile accessories on the property of the relator situate on the Hudson County Boulevard in Jersey City. The block in which the property is situate is zoned for business purposes.

The application is in evidence and is on an authorized printed form furnished by the building department of Jersey City. It contains appropriate data inserted in the blanks left for that purpose. The uses to be made of the structure are set forth, as are also the proportions of the building and the materials of which it is to be built, the specific location of the property, both by numbers, lot and block numbers and chart. The application has attached thereto an acknowledgment on the affidavit form appended setting forth that the representations in the application are true; and the date of filing is endorsed thereon. The application was made in writing in duplicate, of which one copy was filed with the city clerk for the board of commissioners and one copy with the building department. The steps taken by the relator appear to be in full compliance with the requirements of the appropriate ordinance entitled: "An ordinance to regulate the erection and alteration of all buildings and structures to be used or designed to be used for any purpose other than as residences or for living apartments." The ordinance sets forth that after the board of commissioners has inspected, or has caused to be inspected, the premises mentioned in the applications filed, and if the statements set forth in the applications are found to be true, and the judgment of the majority of the board of commissioners is that if permission is granted the same will not jeopardize life, limb or public health and will not increase the fire hazard in the locality where the proposed erection or alteration is to be

made, the board shall have the power to direct the building department to issue all necessary building permits.

A hearing was held by the board of commissioners on the application and the application was denied "for the reasons assigned;" which reasons, as we gather from the record, were that there were already too many gasoline stations in the neighborhood; that there was no public necessity for more; that a church located at some distance from the site had made objection; that gasoline stations were no improvement to a business street, and that the city was a city of one and two-family houses and must be protected. It appears by the evidence that permits for other gas service stations in the block had been granted by the board of commissioners; that the property immediately adjoining the site on the south is vacant, beyond which is a gasoline service station; that on the northerly corner of the block is a driveway into a gasoline station fronting on McAdoo avenue; that on the corner of the easterly line of the Boulevard and McAdoo avenue there is a gasoline station.

There is no attempt, in the arguments before us, to justify the refusal of the permit upon the grounds heretofore mentioned. The action of the board of commissioners is, however, defended by the argument that the locality has several gasoline stations and that it is necessary that the governing body, having undertaken a comprehensive plan to properly and adequately zone Jersey City, has the right in the interim to refuse to grant permits for a particular business in a particular locality, if in its judgment it is to the best interests of the city to do so; and it is called to our attention that this court has repeatedly recognized the intricacies incident to the proper preparation and enactment of zoning ordinances and has permitted municipalities to pass said ordinances, meanwhile refusing to issue writs of *mandamus;* wherefore it is submitted that this attitude should be taken in the present case so that the municipal authorities will not be further embarrassed in their work.

The zoning amendment to the constitution was finally adopted by the people of this state at an election held Sep-

tember 20th, 1927. *Pamph. L.* 1928, *p.* 820. The act to enable municipalities to adopt zoning ordinances under the zoning amendment was passed April 3d, 1928. *Pamph. L.* 1928, *p.* 696. It was indeed proper that municipalities, being thus given the privilege of passing zoning ordinances, should have a reasonable time within which to survey their respective needs and to adopt, if they would, appropriate ordinances. Such was the holding in *Butvinik* v. *Jersey City,* 6 *N. J. Mis. R.* 803, the opinion of which was filed July 27th, 1928. It does not appear that a zoning commission for the purpose of making a survey and report with regard to zoning was appointed until June 11th, 1929; nor is it made to appear before us that any report has yet been made or that any zoning ordinance has been passed or even introduced.

We are of the opinion that, inasmuch as a period of considerably more than two years has elapsed since the passing of the authorizing statute, such a reasonable opportunity has been given and that property owners ought not to be deprived of making such uses of their property as the law permits.

A supplemental point made on behalf of the respondents that the relator is not entitled to a permit because of failure to file plans with the building department is not substantiated.

An alternative writ of *mandamus* is allowed.