HERMAN HOROWITZ, PETITIONER-RELATOR, v. JOHN RATH, INSPECTOR OF BUILDINGS, ETC., OF BAYONNE, ET AL., RESPONDENTS.

Submitted October term, 1930—Decided January 20, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the rule, *Aaron A. Melniker.*

*Contra, James Benny.*

PER CURIAM.

The situation here seems to be that the building inspector refused to grant a permit for a nineteen-family apartment house upon the ground that a zoning ordinance was in process of being adopted. Several applications for such a permit seem to have been made, the last of which was September 10th, 1930. Thereupon an appeal was taken to the city commission under the provisions of the building code, which provides that such body must act upon such an appeal at its meeting next after such appeal is lodged with it. Nothing appears to have been done under such appeal by the commissioners except to refer it to its director of public works.

A zoning ordinance was introduced in the city commission on February 18th, 1930; laid over to March 4th and then to March 18th, when it was referred to the committee of the whole to report April 1st, 1930. Such committee reported June 17th, recommending certain changes. This report was adopted and the passage of the ordinance laid over to June 26th, at which time the matter was referred to the city attorney who, on July 16th, 1930, filed his opinion that there

had not been proper notice given of the hearings upon such proposed ordinance and that it should be reintroduced, with the amendments recommended by the committee of the whole. It does not appear that anything further has been done since that time.

The original ordinance provided for a zone A, restricted to residences for not more than two families each, and a zone B, permitting any character of residential structure. One of the proposed, and adopted, amendments provided for the placing of all residence areas in zone B, in which the maximum height of all buildings should be limited to six stories or seventy-five feet. The building of the applicant-relator is designed to be four and one-half stories or forty-five feet in height.

A single ground is urged why the writ of *mandamus* should be awarded and that is that the city has had more than a reasonable time since the adoption of the zoning amendment to the constitution and the legislative act of 1928 in which to prepare and adopt its zoning ordinance.

In *Butvinik* v. *Jersey City, 6 N. J. Mis. R.* 803, we refused a writ because we said that municipal bodies should have a reasonable time to inquire into, prepare for and adopt such measures.

In *Deerfield* v. *Hague, 8 N. J. Mis. R.* 637, this court held that a reasonable time had been accorded Jersey City as laid down in *Butvinik* v. *Jersey City, supra.*

In that case Jersey City had not appointed its zoning commissioners until June 11th, 1929, and up to the time of rendering the opinion under which the writ of *mandamus* was awarded, August 2d, 1930, such commissioners had not made their report; all of this in face of the fact that the zoning amendment to the constitution was adopted September 20th, 1927, and the enabling statute was passed April 3d, 1928. *Pamph. L.* 1928, *p.* 696.

In the matter before us the proceedings have progressed to a point nearer, and more closely approaching, an adoption of an ordinance although not with that degree of dispatch meeting the approval of this court.

Under the circumstances, however, we do not feel that at this time we are warranted in awarding the writ prayed for. It's denial, however, is without prejudice to the petition to re-apply for it at some later day or for a writ requiring the commissioners of Bayonne to proceed with and bring to a reasonably prompt termination the proceedings now pending respecting the adoption of the ordinance in question.

The rule to show cause is discharged, but without costs.