FRANK HOLDSWORTH AND UNIVERSAL SECURITY COMPANY, RELATORS, v. FRANK HAGUE, WILLIAM B. QUINN, JOHN BEGGANS, MICHAEL I. FAGAN AND ARTHUR T. POTTERTON, COMMISSIONERS OF JERSEY CITY, ET AL., RESPONDENTS.

Argued October term, 1930—Decided June 24, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the relators, *Richard Doherty.*

For the respondents, *Thomas J. Brogan.*

PER CURIAM.

This case is before us on the return to an alternative writ of *mandamus* to compel the issuance of a permit by the respondents to the relators for the erection of a building on Sip avenue in Jersey City.

The proposed structure is a building in similitude of a dining car, erected, however, on permanent foundations.

It is admitted that the application for the permit is in due form, and that no present legal objection exists to the construction of such a building, but it is urged that the respondents are engaged in making a survey of the city with the view to the adoption of a zoning ordinance which might prohibit the construction of the proposed building; that such an ordinance has been proposed and that upon it numerous hearings have been held, and that in this situation the respondents should be given the necessary time to adopt a satisfactory ordinance.

The application for the permit was made in August of 1929. The alternative writ was issued in June, 1930, and came on for hearing before this court at the October term of 1930, and no ordinance had yet been adopted.

The relators are entitled to a peremptory writ of *mandamus.* While it is true that in *Butvinik* v. *Jersey City,* 142 *Atl. Rep.* 759, and other cases it was held that municipalities were entitled to a reasonable time after the adoption of the zoning amendment to the constitution in 1927 and the passage of the Zoning act of 1928 (chapter 274) in which to act, we think the reasonable time thus accorded has expired. It is not within the contemplation of the cases cited that property owners should be held up indefinitely in the lawful use of their property, and at the same time be obliged to pay taxes thereon to the city while the latter contemplates the passage of an ordinance that may by possibility affect such property.

The peremptory writ is awarded.