MONGIELLO BROTHERS, INCORPORATED, RELATOR, v. BOARD OF COMMISSIONERS OF JERSEY CITY ET AL., RESPONDENTS.

Argued January 20, 1931—Decided January 20, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the relator, *George G. Tennant.*

For the respondents, *Thomas J. Brogan.*

PER CURIAM.

The relator is the owner of three adjoining lots located on Bostwick avenue, in the city of Jersey City. A building

is erected thereon which is used by the relator for the manufacture, storage and distribution of ice. It applied to the municipal authorities of Jersey City for leave to erect a new building upon the plot owned by it, to take the place of that at present located thereon and to be used for the same purpose. This application was denied, and the present writ was sued out to compel the granting of a permit authorizing the erection of such building.

The only ground set up by the municipality as a justification for its refusal to grant the permit is that for many months past it has been engaged in the preparation of a new zoning ordinance, which has been introduced by the city commission, but which has not yet been passed, and which, so far as the case shows, may never be adopted. Counsel for the municipality admits that the ordinance which has been introduced, although it provides that the property located in the proposed zone in which the relator's premises are situated shall be limited to a residential use, contains a provision that the industries on the street in question, including that part thereof where the relator's property is located, are exempted from the residential reservations, and the use thereof for industrial purposes is to be permitted to be continued.

In the situation indicated, we consider that a peremptory writ should be granted to the relator. The delay in passing the proposed zoning ordinance has been so long continued as to be apparently inexcusable. In the absence of a zoning ordinance, already adopted or about to be adopted, changing the character of the user of the property in the locality where the relator's building is located from manufacturing to residential purposes, the relator was legally entitled to the granting of the permit. On the other hand, if it be assumed that notwithstanding the delay, a peremptory *mandamus* should not be issued until after the proposed ordinance is finally acted upon, the answer is that, in case of its adoption, it would be no bar to the right of the relator to have the permit which it has asked for granted to it.

For the reasons indicated, a peremptory writ will be allowed.