82 N.J. Super. 392 (1964)
197 A.2d 711
PETER M. CAMPANA, JOSEPH R. HEELAN, DANIEL C. RICH, MIKE DZIOYAK, WENDELL A. COMPTON AND MARY M. BONGIOVANNI, PLAINTIFFS,
v.
THE TOWNSHIP OF CLARK, A MUNICIPAL CORPORATION, THE MAYOR AND COUNCIL OF THE TOWNSHIP OF CLARK, A MUNICIPAL CORPORATION, DEFENDANTS. RALPH THOMAS AND IRENE THOMAS, PLAINTIFFS,
v.
JOHN DOENZELMANN AND THE TOWNSHIP OF CLARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS. FRIEDE PROFF, ELI JENSEN, PETER ROMASSI, JULES MADEY, CARL SCHULZ, WILLIAM CARHART, JACOB TUSSEL, LAWRENCE SCHWIN, HELEN M. GALLOWAY, THOMAS R. EVANS, FREDERICK SCHIEFERSTEIN, GEORGE CORDES AND CHARLES BREWER, PLAINTIFFS,
v.
THE TOWNSHIP OF CLARK, A MUNICIPAL CORPORATION, THE MAYOR AND COUNCIL OF THE TOWNSHIP OF CLARK, A MUNICIPAL CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 21, 1964.
*394 Mr. Stanley Tannenbaum for plaintiffs Ralph Thomas and Irene Thomas (Messrs. Reibel, Isaac & Tannenbaum, attorneys).
Mr. Irvine B. Johnstone, Jr. for defendants.
FELLER, J.S.C.
This case was decided on April 4, 1963. It is now before the court again on plaintiffs Thomas' motion to amend the judgment in that suit. In the opinion rendered April 4, 1963, the court sustained the validity of an interim ordinance enacted by the Township of Clark pending the completion of a comprehensive study on community needs which was ultimately to result in the passage of a new zoning ordinance.
The interim ordinance was enacted on July 5, 1961 and became effective on July 12, 1961. Its effect upon plaintiffs' property was to prohibit its use for multiple-family dwellings, an allowable use prior to passage of the interim ordinance. As a matter of fact, it has prohibited the construction of multiple dwellings throughout the community.
This court upheld the right of the township to enact such a "stop-gap" ordinance as being a reasonable exercise of the police power. Plaintiffs now contend that the passage of time subsequent to the original opinion has operated to render the interim ordinance unreasonable. The court notes that two years and seven months have elapsed since this ordinance became effective. It was originally predicted that 18 months *395 would be required to complete the study which was to culminate in the passage of a new zoning ordinance. In fact, the "Whereas" clauses of the interim ordinance specifically stated that the township was under extreme pressure as the result of a population growth, and that a comprehensive study of the present zoning ordinance was being undertaken and would require 18 months to complete, and that the present ordinance was "in need of immediate revision and strengthening for the interim period prior to the completion of" the comprehensive plan based upon the master plan.
The question thus arises as to whether the passage of 31 months, during which time this interim ordinance has been in effect, constitutes an unreasonable exercise of the police power. As might be expected, prior law on this question is inexact and sets no definitive guidelines. We can take judicial notice of the fact that it requires considerable time to prepare and put into effect a worthwhile and comprehensive zoning plan. Lima v. Woodruff, 107 Cal. App. 285, 290 P. 480 (D. Ct. App. 1930). However, zoning, like every exercise of police power, must be contained by a rule of reason. Katobimar Realty Co. v. Webster, 20 N.J. 114 (1955).
Our courts have treated situations of a nature analogous to the instant case in a series of cases beginning in 1928. Butvinik v. Mayor, etc., of Jersey City, 6 N.J. Misc. 803, 142 A. 759 (Sup. Ct. 1928); Margulies v. Mayor, etc., of Jersey City, 6 N.J. Misc. 792, 142 A. 759 (Sup. Ct. 1928), affirmed 105 N.J.L. 635 (E. & A. 1929); Lerner v. Mayor, etc., of Jersey City, 6 N.J. Misc. 801, 142 A. 759 (Sup. Ct. 1928); Commuters Coach Co. v. Minton, 7 N.J. Misc. 478, 146 A. 921 (Sup. Ct. 1929); Deerfield Realty Co. v. Hague, 8 N.J. Misc. 637, 151 A. 373 (Sup. Ct. 1930); Linwood Co. v. Gardner, 9 N.J. Misc. 139, 153 A. 99 (Sup. Ct. 1931); Horowitz v. Rath, 9 N.J. Misc. 203, 153 A. 250 (Sup. Ct. 1931); Holdsworth v. Hague, 9 N.J. Misc. 715, 155 A. 892 (Sup. Ct. 1931); Brengel v. Mayor, etc., of Jersey City, 9 N.J. Misc. 717, 155 A. 892 (Sup. Ct. 1931); Mongiello Bros., Inc. v. Board of Com'rs of Jersey City, 10 N.J. Misc. 131, *396 158 A. 325 (Sup. Ct. 1932). All of these cases arose as a result of the refusal of the various municipalities to issue building permits for the construction of structures previously allowable, but prohibited during the period when these municipalities were assessing their zoning needs prior to enacting a comprehensive zoning ordinance. The only perceptible difference (but not distinction) is that in the above cases the municipalities were intending to pass zoning ordinances for the first time pursuant to our then State Constitution, Art. IV, Sec. VI, par. 2, and its enabling statute N.J.S.A. 40:55-30 et seq., whereas in the present case the Township of Clark intends to change a 1937 zoning ordinance to reflect different community needs.
These cases are sufficiently parallel with the instant situation so as to be of assistance in resolving the matter. But as was said before, they are inexact in that no definite period of limitation is established after which such an interim ordinance becomes of unreasonable duration. In Butvinik suit was brought in the same year in which the legislation permitting municipalities to zone became effective. The court there felt that such a short period of time, during which relators' right to construct was held in abeyance, was not unreasonable. See also Margulies v. Mayor, etc., of Jersey City, supra. On the other hand, in Deerfield Realty Co. the court ordered issuance of the building permit, saying that the passage of more than two years since the authorizing statute became effective afforded the municipality reasonable opportunity to enact a zoning ordinance. See also Mongiello Bros., Inc. v. Board of Com'rs of Jersey City, supra.
In some instances the municipalities have been allowed in excess of two years, the courts finding that in such cases definite progress was being made toward the goal of adopting a new zoning ordinance. Linwood Co. v. Gardner and Horowitz v. Rath, supra. The court also notes that the problem involved here has also been the subject of proposed legislation. The commentator in 9 Rutgers L. Rev. 697, at page 701, advocated an amendment to R.S. 40:55-32 to read as follows:
*397 "However, a municipality may, but only for the purpose of preserving the status quo while formulating a comprehensive zoning plan, enact temporary legislation prohibiting specified uses of land and the erection of specified structures either by districts or throughout the entire municipality. Such temporary legislation shall allow adequate space for residential expansion, and shall not remain in effect for more than one year, nor shall more than one such act be enacted by any municipality in any five year period." (Emphasis added)
In the instant matter the "temporary" ordinance has been in effect for more than two years. However, as has been seen, the mere passage of time alone is not the sole determining factor of the reasonableness or unreasonableness of the "stop-gap" ordinance. We must also look to the progress of the study being made, its nearness to completion, and the prospects for passage of a new zoning ordinance, keeping in mind at the same time that such a comprehensive zoning plan requires considerable time for preparation and study.
While this court is fully aware that the rights of individual property owners must be protected, it also has a duty to the community as a whole not to thwart any reasonable effort to adjust land use to modern needs. This is most important in view of the tremendous growth of our municipalities, and the threat it poses to proper planning. In the instant case it would seem that the passage of 31 months, during which time an interim ordinance has been in effect, does not constitute an unreasonable period of time. It must be remembered that zoning today is a more complex problem than it was 30 years ago. What would require two years then could very possibly require a longer period of time today. Furthermore, this court is impressed with the "good faith" attempt on the part of the township and its planning consultant to expedite the new master plan which, it is hoped, will ultimately result in the passage of a permanent zoning ordinance.
Plaintiffs have raised the question of whether the granting of several variances under the interim ordinance is an abuse of the ordinance, since its purpose is to preserve the status quo until a new comprehensive plan is devised. However, an interim ordinance is not designed to prevent all municipal *398 growth, but rather to control "unbridled" development pending the completion of the master plan. At any rate, the variances granted under the interim ordinance are not indicative of a "bad faith" application of the interim ordinance to plaintiffs.
While holding that the interim ordinance involved has not exceeded reasonable bounds, this court feels that the protection of individual property owners requires that a time limitation be placed upon its duration. The several witnesses at the hearing agreed that the new land use program would be completed and submitted to the planning board by late January or early February 1964. Following this, a new master plan was to be submitted to the planning board for its approval by late February. N.J.S.A. 40:55-35 states that the planning board must have a reasonable time  at least 30 days  to consider such a change. After approval, a public hearing must be held, and finally the governing body must adopt the new ordinance. See N.J.S.A. 40:55-34 and 40:55-30. This court is of the opinion that this process can be completed by June 1, 1964. This date will thus be set as the deadline for the adoption of the new zoning ordinance. If it is not adopted by that time, plaintiffs may apply for an order permitting them to use their land, as allowed under the former zoning ordinance.