372 So.2d 764 (1979)
A. COPELAND ENTERPRISES, INC., Jeannie Taormina, widow of Anthony Culotta, Delores Culotta, wife of Dr. Joseph Craven, and Gloria Culotta, wife of Dr. Robert M. Watson
v.
The CITY OF NEW ORLEANS.
No. 10217.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
*765 Scariano & McCranie, Burgess E. McCranie, Jr., Metairie, for plaintiffs-appellants.
Jacob Taranto, III, Deputy City Atty., New Orleans, for defendant-appellee.
Before SAMUEL, BOUTALL and BEER, JJ.
BEER, Judge.
Appellants sought, by preliminary injunction, to enjoin enforcement of an interim zoning ordinance. After hearing, the claim for injunctive relief was rejected by the trial court. This appeal followed.
By motion introduced and passed on January 19, 1978, the City Council authorized the New Orleans City Planning Commission to hold a public hearing for the purpose of considering proposed amendments to the Comprehensive Zoning Ordinance of the City of New Orleans. The amendments dealt with limitations regarding fast food and drive-in restaurant operations in certain zoning categories but excepted Councilmanic Districts B, C, D and E and, thus, was obviously intended to apply only in District A. Subsequent to the introduction and passage of the motion above described, the interim ordinance with which we are here concerned was introduced on March 9, 1978. It was, thereafter, adopted by the Council on March 16, 1978, and signed by the Mayor on March 23, 1978.
Meanwhile, on March 1, 1978, A. Copeland Enterprises signed an agreement to purchase (from other appellants) property located at 740 Nashville Street (in Councilmanic District A).
Thereafter, on April 3, 1978, Copeland applied for a permit to construct a fast food restaurant at the site (740 Nashville). The application was refused by reason of the interim ordinance which had, as of March 23rd, established a moratorium on the issuance of permits for fast food restaurants at certain locations in Councilmanic District A.
Appellants contend that a zoning ordinance can only be amended by compliance with the procedural requirements of Article 15, §§ 2.5, 2.9 and 2.10 of the Comprehensive Zoning Ordinance for the City of New Orleans, which provides for three weeks notice and a public hearing. Appellants argue that an interim measure suspending operation of a zoning ordinance is not a measure provided by the enabling statute [1] or by Article 15. Though not contesting that there was no notice or public hearing, the City's position is that the enabling statutes do not prohibit an interim measure, and that the mandatory procedures for amendment are not applicable to a temporary ordinance enacted only to preserve the effectiveness of the proposed (but yet unpassed) amendment.
Cases from other jurisdictions reflect the split of authority regarding the validity of interim zoning ordinances. Cases upholding the validity of such interim ordinances have reasoned that no notice was required before the passage of "urgency" ordinances of limited duration in furtherance of a comprehensive plan since the very purpose of such ordinancesto preserve the status quo would be destroyed if notice and hearing were required. Metro Realty v. County of El Dorado, 222 Cal.App.2d 508, 35 Cal.Rptr. *766 480; CEEED v. California Coastal Zone Conservation Com., 43 Cal.App.3d 306, 118 Cal.Rptr. 315; see also Cappture Realty Corporation v. Board of Adjustment, 126 N.J.Super. 200, 313 A.2d 624; Campana v. Clark, 82 N.J.Super. 392, 197 A.2d 711 (1964); Almquist v. Marshan, Minn., 245 N.W.2d 819. Other courts have invalidated interim ordinances or have required strict compliance with the hearing and notice requirements of the enabling statutes. Lancaster Development, Ltd. v. River Forest, 84 Ill.App.2d 395, 228 N.E.2d 526; Krajenke Buick Sales v. Kopkowski, 322 Mich. 250, 33 N.W.2d 781; State ex rel. Kramer v. Schwartz, 336 Mo. 932, 82 S.W.2d 63; State exrel. Fairmount Center Co. v. Arnold, 138 Ohio St. 259, 34 N.E.2d 777; State ex rel. Gulf Refining Co. v. DeFrance, 89 Ohio App. 334, 101 N.E.2d 782; Morris v. Roseman, 162 Ohio St. 447, 123 N.E.2d 419; Kline v. Harrisburg, 362 Pa. 438, 68 A.2d 182.
Appellants argue that the interim ordinance bears no substantive relationship to the later amendment. The City maintains that the purpose of the moratorium was the promotion of the public health, safety and general welfare.
Authority to enact zoning regulations flows from the police power of the various governmental bodies. Since zoning is a legislative function, courts are restrained from substituting their views for those of the legislative body (or zoning authority) except when there is an abuse of discretion or an excessive use of power. Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659 (La.1974). The test of whether an ordinance is a valid exercise of police power of the city in the constitutional sense apparently depends on whether, under all existing circumstances, the regulation is reasonable and designed to accomplish a purpose properly falling within the scope of the City's police power. Hi-Lo Oil Company v. City of Crowley, 274 So.2d 757 (La.App. 3rd Cir. 1973).
Since the ordinances of a duly elected legislative body such as the City Council of New Orleans are presumed valid, the attack on same must carry the burden of demonstrating that such ordinance is incompatible with the enabling legislation or the Constitution. Doubtful cases will be resolved in favor of upholding the zoning law. Meyers v. City of Baton Rouge, 185 So.2d 278 (La.App. 1st Cir. 1966).
The trial judge determined that the appellants had not carried the burden described above and also concluded that the interim measure was validly within the Council's duty to exercise its jurisdiction over the community's health, safety and general welfare.
While convinced that the events concerning 740 Nashville precipitated the hasty drafting, introduction, passing and signing into law of the interim ordinance, we cannot conclude, a fortiori, that the trial court erred in its determination that although the ordinance at issue was enacted as an interim measure, "... it is clearly consistent with, and in furtherance of both the spirit and letter of the more comprehensive text change that is presently in the Councilmanic mill."
In view of this finding, which is, we believe, supported by the record, we conclude that the result is correct, and the judgment is, accordingly, affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 33:4721, et seq.