NOT FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0079

ROBERT J. WIENER AND KRISTI NICOLE JOHNSON

VERSUS

THE TANGIPAHOA PARISH COUNCIL AND THE TANGIPAHOA
PARISH PLANNING DEPARTMENT

Judgment Rendered: **OCT 0 8 2025**

* * * * *

ON APPEAL FROM THE
TWENTY-FIRST JUDICIAL DISTRICT COURT, DIVISION D
IN AND FOR THE PARISH OF TANGIPAHOA
STATE OF LOUISIANA
DOCKET NUMBER 2024-0001561

HONORABLE BRIAN K. ABELS, JUDGE PRESIDING

* * * * *

Matthew J. Garver
Franklinton, Louisiana

Attorney for Plaintiffs-Appellants
Robert J. Wiener and Kristi Nicole Johnson

Christopher M. Moody,
Albert D. Giraud
Hammond, Louisiana

Attorneys for Defendants-Appellees
The Tangipahoa Parish Council and
The Tangipahoa Parish Planning
Department

BEFORE: **MILLER, EDWARDS, AND FIELDS, JJ.**

Edwards, J. Concurs w/ no reasons.

**FIELDS, J.**

In this action challenging parish partitioning ordinances, plaintiffs appeal from a judgment sustaining the peremptory exception raising the objection of no cause of action filed by defendants. For the following reasons, we reverse the judgment and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On or about May 25, 2023, Robert J. Wiener and Kristi Nicole Johnson (collectively "plaintiffs") purchased a 131.783-acre tract of property in Tangipahoa Parish, Louisiana. Prior to this purchase, in January 2022, the previous owners subdivided this tract into four smaller tracts ranging in size from 23.89 acres to 40.00 acres, utilizing the "mini partition" procedure available under the local ordinances.[1] This mini partition was recorded in the conveyance records of the parish.

Following their purchase of this property, plaintiffs attempted to further subdivide the four tracts utilizing the mini partition procedure, submitting their application for partition to the Tangipahoa Parish Planning Department ("Planning Department"). Plaintiffs' permit for mini partition was denied by the Planning Department pursuant to Tangipahoa Parish Ordinance No. 36-90, which contains a ten-year moratorium on mini partitions from the date of any previous partition.

Following the Planning Department's denial of plaintiffs' partition request, plaintiffs filed a petition for declaratory relief naming both the Planning Department and the Tangipahoa Parish Council ("Parish Council") as defendants. In their petition, plaintiffs sought a declaration that the ten-year moratorium on mini

---

[1] A mini partition creates a minimum of two but not more than four new lots of record and requires a 60-foot right-of-way or private road dedicated for road access. Utilities and sewage leading to a parish-maintained road is allowed to be created if the original parcel to be divided is a minimum of three acres or more.

The ordinances impose fewer requirements to obtain approval of a mini partition than a small or major partition.

2

partitions is unconstitutional and *void ab initio* and sought approval of their mini partition.

Defendants in turn filed an exception raising the objection of no cause of action asserting that "plaintiffs ... failed to state a viable cause of action in [their] claims that the denial of [plaintiffs'] application [for mini] partition ... was 'arbitrary and capricious.'" Defendants further argued that plaintiffs failed to state a cause of action against defendants because defendants were entitled to discretionary function immunity.

A hearing on the exception was held, and the trial court sustained the defendants' exception but allowed plaintiffs thirty days to amend their petition pursuant to La. Code Civ. P. art. 934.

Thereafter, plaintiffs timely filed their first amended petition for declaratory relief. The amended petition similarly set out plaintiffs' history with this property and stated that the ten-year moratorium on mini partitions was adopted by the Parish Council in January 2023, prior to plaintiffs' purchase of the property at issue but after the previous owners' mini partition in January 2022. Plaintiffs averred that there was nothing in the January 2022 mini partition documents warning potential buyers of a moratorium on further mini partitions of this land as was required by Tangipahoa Parish Ordinance No. 36-90(b)(3); thus, plaintiffs had no notice of this ordinance or its effects on plaintiffs' plans for this property. Plaintiffs further alleged that this ordinance's prohibition on partitions of land in rural areas of the parish did not bear a rational relationship to the health, safety, or welfare of the public, which was further supported by the fact that no study or analysis was commissioned or performed by defendants to determine the efficacy of the ten-year moratorium prior to its enactment or whether less restrictive means were available and equally as effective in accomplishing whatever the purported goals of the ordinance may be. The plaintiffs also averred that the minutes reflecting the meeting at which this

3

ordinance was passed were devoid of any public comment establishing that a ten-year moratorium promoted the health, safety, or welfare of the public. Thus, plaintiffs prayed again that the ten-year moratorium be declared unconstitutional and void *ab initio* and that their application for mini partition with private roads be approved. Alternatively, plaintiffs prayed that if the ten-year moratorium is determined to be constitutional, then the ordinance should have prospective effect only, implying that plaintiffs' mini partition should be approved.

In response, defendants re-urged their exception raising the objection of no cause of action. Defendants asserted that plaintiffs once again failed to state a viable cause of action. Defendants argued generally that the action of a governmental body in denying a permit is arbitrary and capricious only if it bears no relation to the health, safety, or general welfare of the public. Defendants further argued that if the health, safety, and general welfare of the public could justify an ordinance, then courts should assume those considerations did justify the ordinance. Moreover, defendants argued that Louisiana courts have held that moratoriums are validly within a governing body's duty to exercise its jurisdiction over a community's health, safety, and general welfare, citing **A. Copeland Enterprises, Inc. v. City of New Orleans**, 372 So.2d 764 (La. App. 4th Cir. 1979). Thus, defendants urged the ten-year moratorium at issue in Tangipahoa Parish Ordinance 36-90 bears relation to the health, safety, and general welfare of the public, or at the very least, defendants could reasonably have had such considerations in mind and such considerations could have justified the ordinance. Therefore, defendants maintained plaintiffs had failed to state a cause of action.

Following a hearing on the re-urged exception raising the objection of no cause of action, the trial court sustained defendants' exception and dismissed plaintiffs' suit by judgment dated September 16, 2024. Plaintiffs appeal this judgment.

4

## LAW AND ANALYSIS

The peremptory exception raising the objection of no cause of action questions whether or not the law affords any remedy to the plaintiff under the allegations of the petition. See **State ex rel. Tureau v. BEPCO, L.P.**, 2021-0856 (La. 10/21/22), 351 So.3d 297, 309. A determination of whether a petition states a cause of action is based solely on the sufficiency of the petition, and the well-pleaded facts of the petition must be accepted as true. See **Id.** at 309-10. The purpose of the peremptory exception raising the objection of no cause of action is not to determine whether the plaintiff will ultimately prevail at trial, but to only ascertain if a cause of action exists. **Benoist v. Jackson National Life Insurance Company**, 2022-0878 (La. App. 1st Cir. 4/14/23), 364 So.3d 1162, 1165-66. No evidence may be introduced to support or controvert the exception. See La. Code Civ. P. art. 931. The exceptor bears the burden of proof. On appeal, appellate courts apply a *de novo* standard of review because the exception of no cause of action raises a question of law. **Wederstrandt v. Kol**, 2022-01570 (La. 6/27/23), 366 So.3d 47, 51. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states *any* valid cause of action for relief. **Id.** at 51, quoting **Ramey v. DeCaire**, 2003-1299 (La. 3/19/04), 869 So.2d 114, 119.

As zoning falls under the jurisdiction of the legislature, courts will not interfere with their prerogative unless the action is palpably erroneous and without any substantial relation to the public health, safety, or general welfare. **King v. Caddo Parish Commission**, 97-1873 (La. 10/20/98), 719 So.2d 410, 418. Generally, the action of a governmental body is considered arbitrary and capricious and unreasonable if it bears no relation to the health, safety, or general welfare of the public. See **Toups v. City of Shreveport**, 2010-1559 (La. 3/15/11), 60 So.3d 1215, 1218. The terms "arbitrary and capricious" mean willful and unreasoning

5

action, absent consideration and in disregard of the facts and circumstances of the case. However, when there is room for two opinions, an action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed an erroneous conclusion has been reached. **Toups**, 60 So.3d at 1217.

In their brief, plaintiffs assert the trial court erred in sustaining defendants' exception by ruling without solely relying on the allegations contained within the amended petition. Plaintiffs further assert the allegations are to be accepted as true, in order to determine if a cause of action is stated and not whether the claim will be successful. Specifically, plaintiffs emphasize that whether an ordinance bears the requisite relationship to the health, safety, and welfare of the public is a factual question, which must be decided based on the evidence during a trial on the merits. See **Palermo Land Co., Inc. v. Planning Com'n of Calcasieu Parish**, 561 So.2d 482, 492 (La. 1990). As no evidence may be introduced to support or controvert the exception of no cause of action, the trial court could only rely on the allegations within the amended petition to make its ruling. The pertinent allegations provided that prior to the passage of the ten-year moratorium, the council neither commissioned nor conducted a study or analysis as to the efficacy of a decade-long moratorium, or whether a shorter length of time would be as effective to accomplish defendants' purported goals. Further, the amended petition provides that aside from the governing body having no data to support a ten-year moratorium, the meeting minutes are devoid of any public comment which would establish that a ten-year moratorium promotes the health, safety, or general welfare of the public.

We find plaintiffs' argument persuasive. The plaintiffs alleged that the ordinance, which prohibited their mini property partitions, for a ten-year period from any previous subdivision is arbitrary and capricious and was passed without consideration of the public's health, safety, and general welfare. Plaintiffs supported this claim by alleging that no study or analysis determining the need for a ten-year

6

long moratorium was commissioned or completed by the parish, nor was any public comment made at the council meeting during which the ordinance was passed regarding the necessity of a ten-year moratorium to further the public's health, safety, or general welfare. Defendants' position that a council's action in passing a moratorium regarding zoning should be presumed to consider the health, safety, and general welfare of the public is supported only by jurisprudence reaching that determination after a full trial on the merits, see **Palermo Land Co., Inc.**, 561 So.2d at 482, or a hearing on injunctive relief, **A. Copeland Enterprises, Inc.**, 372 So.2d 764. In the present case, the trial court and, in turn, this court, can only consider the allegations within the petition, taken as true, to determine whether a cause of action was stated.

In addressing defendants' alternative argument regarding immunity, this court has held that an affirmative defense may not form the basis of a peremptory exception when the asserted defense goes to the merits of the case. See **Harrell v. State Through Department of Transportation and Development**, 2022-0126 (La. App. 1st Cir. 9/16/22), 2022 WL 4286558, *7 n.4 (unpublished), citing **White v. New Orleans Center for Creative Arts**, 2019-0213, 2019-0214 (La. App. 4th Cir. 9/25/19), 281 So.3d 813, 822, writ denied, 2019-01725 (La. 12/20/19), 286 So.3d 428 (where defendants filed a peremptory exception of no cause of action, the court noted that "[r]ather, as an affirmative defense, the issue should be referred to the merits, and a motion for summary judgment is, therefore, the proper procedure for addressing it prior to trial."). When an exception of no cause of action is based on an affirmative defense, like immunity, the exception must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. See **Lambert v. Riverboat Gaming Enforcement Division**, 96-1856 (La. App. 1st Cir. 12/29/97), 706 So.2d 172, 175, writ denied, 98-0297 (La. 3/20/98), 715 So.2d 1221, citing **Owens v. Martin**, 449

7

So.2d 448, 452 (La. 1984) and **Kyle v. Civil Service Commission**, 588 So.2d 1154, 1159 (La. App. 1st Cir. 1991), <u>writ denied</u>, 595 So.2d 654 (La. 1992).

Because we find, on our *de novo* review, that a cause of action has been adequately pled and that resolution of affirmative defenses are more properly resolved during a trial on the merits, we find the trial court erred in sustaining the exception raising the objection of no cause of action by the defendants, and we hereby reverse the judgment of the trial court.

## CONCLUSION

Based on the foregoing reasons, the trial court judgment sustaining the exception raising the objection of no cause of action filed by defendants Tangipahoa Parish Council and the Tangipahoa Parish Planning Department is reversed. This matter is remanded to the trial court for further proceedings. $639.25 in appeal costs are assessed against the Tangipahoa Parish Council, and $639.25 in appeal costs are assessed against the Tangipahoa Parish Planning Department.

**REVERSED AND REMANDED.**