[Civ. No. 3232. Third Appellate District.—April 13, 1927.]

## JOE BERRATA, Respondent, v. W. L. SALES, Individually, etc., et al., Appellants.

[1] MUNICIPAL CORPORATIONS — PETALUMA — ZONING ORDINANCE — PROCEDURE FOR ADOPTION.—The freeholders' charter of the city of Petaluma having omitted to provide any procedure for the adoption of a zoning ordinance, the general law of the state prevails, and unless the procedure there specified is substantially followed, a proposed zoning ordinance of that city does not become effective.

[2] ID. — DUE PROCESS — RIGHT TO NOTICE. — Notice of the proposed passage of a zoning ordinance limiting the use of property which, otherwise, naturally attaches to the property in question is a substantial matter, and is a matter of which property owners· are entitled to notice.

[3] ID.—DESCRIPTION OF ZONES—REFERENCE TO PUBLISHED MAP—INSUFFICIENT NOTICE. — The city of Petaluma in purporting to adopt a zoning ordinance, which did not describe the respective districts except by reference to a certain zoning map on file with the city clerk, but which map was not published in connection with the publication of said purported ordinance, did not comply with the requirement of section 12 of article VI of the charter of said city that no ordinance shall be passed by the council "until its publication at least once in full in the official newspaper"; and said purported ordinance was void.

---

(1) 43 C. J., p. 345, n. 94.   (2) 43 C. J., p. 345, n. 98.

APPEAL from a judgment of the Superior Court of Sonoma County. R. L. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fred S. Howell for Appellants.

E. J. Dole for Respondent.

PLUMMER, J.—Plaintiff had judgment in an action instituted to prohibit the defendants from enforcing a certain ordinance numbered 284, charter series, entitled, "An ordinance establishing certain districts or zones and regulating the use of property and the location of various industries and business or commercial establishments in the City of Petaluma" and the defendants appeal.

The city of Petaluma is a municipal corporation, operating under a freeholders' charter, effective in 1911 (Stats. 1911, p. 1799).

On November 19, 1923, the city council of the city of Petaluma adopted an ordinance creating a planning commission, according to the provisions of the act of the legislature of 1915 (Stats. 1915, p. 708), and as amended by an act approved May 27, 1921 (Stats. 1921, p. 772). See, also, act of the legislature, approved May 31, 1917 (Stats. 1917, p. 1419). Thereafter, said commission reported to the city council a draft of a proposed zoning ordinance and

also a map of the several proposed zones. On the twentieth day of July, 1925, the proposed ordinance was introduced in the city council of said city of Petaluma and the zoning map just referred to filed with the city clerk. Thereafter, and on the twenty-third day of October, 1925, the city council ordered that said proposed ordinance be published once in full in the "Petaluma Argus," a newspaper of general circulation and the official newspaper of the city of Petaluma; that said ordinance was published on the twenty-sixth day of October, 1925; that on the second day of November, 1925, said purported ordinance was adopted by the city council of the city of Petaluma.

The trial court held the proposed zoning ordinance void on two grounds: 1. That the procedure provided by the act of the legislature, approved May 31, 1917, relative to the adoption of zoning ordinances by municipalities was not complied with, and 2. That the proposed ordinance was not published in full, as required by section 12 of article VI of the charter of Petaluma.

The charter of the city of Petaluma, approved by concurrent resolution of the California assembly on the fourteenth day of February, 1911 (Stats. 1911, p. 1799), contains the following relative to the powers of the city. Section 19 of article III: "To exercise police powers and make all necessary police and sanitary regulations and to adopt ordinances and prescribe penalties for the violation thereof." Other sections specifying the powers of said council are also set forth and then in the same article we find section 68, reading as follows: "In the absence of any procedure for carrying out or effectuating any granted or implied power or authority, the general law of this state where applicable and where not inconsistent with any express provision of this charter shall prevail and shall be followed."

Section 12 of article VI specifies that no ordinance shall be passed by the council within five days after its introduction, " . . . nor until its publication at least once in full in the official newspaper of the City of Petaluma," etc.

[1] The charter of the city of Petaluma contains no sections relative either to the power or procedure in adopting zoning ordinances, but assuming, without deciding, that section 19 of article III granted this power, irrespective of the

act of the legislature referred to, which also purports to grant to municipalities such power, the omission in the charter of any procedure for adopting such an ordinance renders section 68' of article III applicable and by the terms of said section the procedure provided for in the act of the legislature becomes the procedure that must be followed by the city council of the city of Petaluma in adopting such ordinances.

The trial court found that the procedure mapped out in the act of the legislature was not followed, in that no notice was ever given by the city council, as required by the act of the legislature referred to. This is apparently conceded by the appellants, but the contention is made that under section 19 of article III of the city charter granting to the city council the power to make all necessary police regulations, etc., a zoning ordinance can be adopted without following the procedure provided by the general law. We do not need to discuss whether, under section 19 of article III granting police powers to the city council, authority is conferred to adopt a zoning ordinance, but from the omission in the city charter to provide any procedure therefor, we must hold, as above stated, that the general law prevails and unless the procedure there specified is substantially followed, the proposed ordinance does not become effective. [2] It needs no citation of authority to support the statement that notice of the proposed passage of a zoning ordinance limiting the use of property which, otherwise, naturally attaches to the property in question is a substantial matter and is one of which property owners are entitled to notice. The property owner, as has been so frequently said in other cases, is entitled to have his day in court.

[3] As hereinbefore stated, the trial court held that the proposed ordinance was not published in full, as required by section 12 of article VI of the charter of Petaluma. The transcript in this particular shows the following: "Ordinance No. 284. Sec. 1. For the purpose of regulating and restricting the location of dwellings, businesses, commercial establishments and industries, and for the purpose of designating the location of properties to be used for certain specified purposes, the City of Petaluma is hereby divided into, and there are hereby established, dis-

tricts or zones designated on a certain map to be known as
'The Official Zoning Map of the City of Petaluma,' and it
shall be unlawful, except as herein otherwise provided, to
erect, construct, alter or maintain buildings, or make use
of properties, for carrying on trades or callings, within the
City of Petaluma except as provided by this ordinance and
specified on the said Official Zoning Map of the City of
Petaluma. Said 'The Official Zoning Map of the City of
Petaluma' is filed with the City Clerk of the City of Peta-
luma and is hereby referred to and made a part of this
ordinance.''

Subdivision a of section 1 provides a district to be known
as a residence district or zone coincident with the city limits
of the city of Petaluma.

Subdivision b, relating to business or commercial dis-
tricts, reads: ''A business or commercial district or zone is
hereby created and designated on the Official Zoning Map of
the City of Petaluma.''

The official zoning map of the city of Petaluma was not
published. It will be seen from the quotations which we
have set forth of the proposed zones that no streets are
mentioned, and so far as the published ordinance is con-
cerned, it cannot be ascertained therefrom where the com-
mercial district or business district or zone created by the
ordinance exist in the city of Petaluma.

On the part of the appellants it is insisted that the refer-
ence to a map on file with the city clerk is a sufficient
publication, and to support this contention the case of
*Chase* v. *Trout*, 146 Cal. 350 [80 Pac. 81], is cited. A
reference to that case, however, shows that there is a wide
distinction between the facts there considered and the
facts in this case. In the case of *Chase* v. *Trout*, the ques-
tion as to the sufficiency of a resolution of intention pre-
liminary to ordering a street improved was held sufficient.
In that case, the resolution, after naming the streets to be
improved, contained, as provided by law, a description of
the work, to wit: ''The said street was to be graded, graveled
and guttered in accordance with the plans and profiles on
file in the office of the city engineer and specifications on
file in the office of the city clerk of the city of Los An-
geles. . . . That a cement curb be constructed along each

line of the roadway of said street, etc., that a cement sidewalk five feet in width be constructed along each side of said street,'' etc.

The court held that there was a substantial compliance with the law requiring publication, as it gave to the property owners a notice that the street or streets upon which their property abutted were to be improved; materials to be used were mentioned and the improvements generally to be made. Here there is nothing contained in the ordinance showing the residence streets or blocks or the business streets or blocks. In the case of *Park* v. *Pacific Fire Extinguisher Co.,* 37 Cal. App. 112 [173 Pac. 615], the court had before it, in considering a street improvement proposal, a question almost identical with that which we are here considering. The resolution of intention providing for the work failed to name the streets, but referred to a map, and the court said: ''In construing this portion of the proceeding the purpose of the provision that the streets shall be named in the resolution of intention must be taken into account. That purpose seems to be the giving of information to the property owners as to the intention of the city council to improve the street in front of their property, or some other streets, the expense of which will be made a burden upon their property by taxation.'' The resolution of intention was held to be fatally defective for failure to name the streets upon which the improvements were to be made and the burden of taxation imposed.

In the recent case of *O. T. Johnson Corp.* v. *City of Los Angeles,* 198 Cal. 308 [245 Pac. 164], decided in 1926, the supreme court held that an ordinance concerning the opening and improving of streets and fixing the burden of taxation was fatally defective for failure to contain the names of the streets, and that the omission to name the streets constituted a failure to comply with a jurisdictional requirement.

The power of municipalities to adopt zoning ordinances and the extent to which such ordinances may limit or prohibit business has been argued at length by counsel, but from the fact that the judgment of the trial court must be affirmed for the reasons herein stated, whatever we might say as to such questions would be wholly unnecessary to the

decision in this case and could only be classed as *obiter*, we refrain from any consideration thereof.

The judgment of the trial court is affirmed.

Hart, J., and Finch, P. J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 9, 1927.