232 P.2d 963.

WOOD et ux. v. TOWN OF AVONDALE.

No. 5282.

Supreme Court of Arizona.

June 18, 1951.

W. H. Chester, of Phoenix, for appellants.

George D. Locke, of Phoenix, for appellee.

DE CONCINI, Justice.

Appellants D. R. Wood, et ux, were on· October 14, 1947, the owners of a certain· lot in the Town of Avondale abutting on· U. S. Highway 80. On said date appellees· Town of Avondale through its common council adopted Ordinance No. 16 with the· emergency clause attached, by which it: prescribed a limit of ten feet from the: front property line abutting said highway· on which property owners could not build, but would have to construct their improvements thereon in accordance with that ten-foot setback line.

· Subsequent thereto appellants improved: their property with a business establishment without regard to the ten-foot setback as prescribed by said ordinance, all with notice that the ordinance was in existence at the time.

Appellees brought action seeking a mandatory injunction requiring appellants to· remove their structure from the prohibited. zone. A hearing was had on an application for a temporary injunction on an· agreed statement of facts, which was denied. Counsel then stipulated to additional facts, both parties moved for summary judgment and the matter submitted on briefs. The trial court found in favor of

appellees and ordered that the injunction against appellants be made permanent.

Appellants are here on several assignments of error. There is only one question presented by this appeal and that is whether Ordinance 16 is constitutional. The ordinance was adopted under the powers purportedly granted by section 16–207, sub. 3, A.C.A.1939, which provided as follows: "3. To exercise exclusive control over the streets, alleys, avenues and sidewalks of the town and to give and change the names thereof; to prevent and punish for the encumbering thereof, and to abate and remove all encumbrances and obstructions thereon; to widen, extend, straighten, regulate, grade, clean or otherwise improve the same; to open, lay out and improve new streets, avenues and alleys; to vacate any street, avenue, alley or sidewalk in such town and to abolish the same; and to protect the same from encroachment and injury; * * *."

Appellants concede that the ordinance which requires a setback, was passed without regard to article 14, A.C.A.1939, entitled Zoning Districts. Section 16–1401 provides in part: *"Grant of Power.*—For the purpose of promoting the health, safety, morals, or the general welfare of the community, the legislative body of incorporated cities and towns may regulate and restrict the height, * * * and may establish setback lines; * * *."

Section 16–1402, Method of procedure by Ordinance, provides for notice of public hearing published in a newspaper, action by common council on protest of 20% of the property owners involved; creation of a zoning commission to study and recommend to council and council shall not take action until it has received final report from commission. Section 16–1403 provides for a board of adjustment.

Appellees cite Gorieb v. Fox, 274 U.S. 603, 47 S.Ct. 675, 71 L.Ed. 1228; Village of Euclid, Ohio, v. Amber Realty, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303; Thille v. Board of Public Works, 82 Cal.App. 187, 255 P. 294; Weiss v. Guion, D.C., 17 F.2d 202; City of Tucson v. Arizona Mortuary, 34 Ariz. 495, 272 P. 923. These cases uphold "zoning ordinances" that are deemed reasonable and help promote the general welfare of the public. Had appellees adopted a zoning ordinance in accordance with sections 16–1401–02–03 those cases would support their contention. Section 16–207, supra, upon which they rely grants appellees the right to control streets, alleys and sidewalks but doesn't grant any control over the private property of its citizens except to prevent, abate and remove encumbrances upon its streets and alleys and to provide a penalty for a violation thereof.

Property owners are entitled to notice before the passage of a zoning ordinance which would limit the use of their property. Berrata v. Sales, 82 Cal.App. 324, 255 P. 538; Makrauer v. Board of Adjustment of Tulsa, 200 Okl. 285, 193 P. 2d 291. The revocation of a permit to drill

an oil well within the city limits, under a zoning ordinance, without notice, is violative of the 14th Amendment of the U. S. Constitution. Trans-Oceanic Oil Corp. v. City of Santa Barbara, 85 Cal.App.2d 776, 194 P.2d 148.

It is clear that the action of appellees in enacting Ordinance 16 without regard to article 14, A.C.A.1939 (zoning), was illegal and the same is without force and effect and is unconstitutional in that it deprives appellants of their property without due process of law.

Judgment reversed with directions to dissolve the permanent injunction and dismiss the complaint.

UDALL, C. J., and STANFORD and LA PRADE, JJ., concur.

PHELPS, J., did not participate in the determination of this case.