319 P.2d 989

Jack WILLIAMS, Mayor of the City of Phoenix, a municipal corporation, and V. A. Cordova, Joseph Madison Greer, G. Wesley Johnson, David P. Jones, Faith I. North and Clarence H. Shivvers, Councilmen of the City of Phoenix, a municipal corporation, Appellants,

v.

Fred E. PARRACK, Appellee.

No. 6311.

Supreme Court of Arizona.

Dec. 31, 1957.

William C. Eliot, City Atty., George Mariscal, John F. Mills, Dale Marenda, Asst. City Attys., Phoenix, for appellants.

Parker & Muecke, Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from a judgment in mandamus against Jack Williams, as mayor, and the members of the city council of the City of Phoenix, a municipal corporation, hereinafter called respondents, directing them to proceed in respect to the said initiative petition in one or the other of two courses of action enjoined upon them by the provisions of Chapter XV of Section 4 of the Charter of the City of Phoenix.

The facts are that on November 10, 1955, Fred E. Parrack, appellee, filed with the city clerk of the City of Phoenix an initiative petition proposing the adoption of an ordinance entitled:

"An Ordinance establishing classifications of employees of the Fire Department of the City of Phoenix and fixing rates of compensation and hours of work for such employees; providing for a system of increases in such rates of compensation; prohibiting changes on certain existing ordinances and rules and regulations; repealing conflicting ordinances, defining terms, requiring an appropriation."

On the 22nd day of November following, the city clerk of said city certified said peti-

tion as legally sufficient with respect to the number of qualified electors required to sign the same according to the provisions of Chapter XV of Section 4 of the City Charter which reads as follows:

"If the petition accompanying the proposed ordinance be signed by electors equal in number to fifteen (15) per cent of the entire vote cast for all candidates for mayor at the last preceding general municipal election at which a mayor was elected, and contains a request that said ordinance be forthwith submitted to the vote of the people at the special election, then the council shall either:

"(a) Pass said ordinance without alteration within twenty (20) days after the attachment of the city clerk's certificate to the sufficiency of the accompanying petition (subject to a referendary vote, under the provisions of Chapter XVI of this Charter), or

"(b) Within twenty-five (25) days after the city clerk shall have attached to the petition accompanying such ordinance his certificate of sufficiency, the council shall proceed to call a special election at which said ordinance without alteration shall be submitted to the vote of the people."

On advice of the city attorney the mayor and the city council failed to act on said petition, and on the 15th day of February, 1956, Parrack filed a petition in the Superior Court of Maricopa County against respondents praying for a writ of mandamus against them directing that they act as required by the provisions of Chapter XV, Section 4 of the City Charter above quoted.

In response to the order to show cause, however, respondents moved to quash the alternative writ of mandamus and answered setting up the defenses that the subject matter of the initiative petition (1) is not within the power of the city council to enact as an ordinance; (2) is not within the provisions of the state constitution relating to matters subject to initiative by the electors of the City of Phoenix; and (3) is void as being in contravention of the charter of the City of Phoenix.

It was agreed by counsel for the parties that the petition for the writ of mandamus correctly set forth the facts of the case leaving only questions of law to be determined by the trial court. Arguments were made and briefs submitted, and on the following May 17 the court ordered the entry of the judgment from which this appeal is being prosecuted.

The State Constitution, Article 4, Part 1, Section 1(8), A.R.S., provides in part in so far as the initiative and referendum powers of the City of Phoenix are concerned that:

"(8) [Local, city, town or county matters] The powers of the Initiative and the Referendum are hereby further reserved to the qualified electors

of every incorporated city, town, and county as to all local, city, town, or county matters on which such incorporated cities, towns, and counties are or shall be empowered by general laws to legislate. * * * "

Respondents have assigned as error the adverse ruling of the court to all defenses set up in their answer and have further assigned as error the issuance of the mandate on the grounds (a) that there was no clear legal duty of the council to act as directed thereby, and (b) that the writ will not issue to require an illegal act. In short, respondents contend that the city council is not empowered, under its charter, to enact an ordinance covering the subject matter of the proposed ordinance, to wit: to pass an ordinance raising the salaries of city firemen; that the council is empowered only to fix, increase, decrease or modify such salaries upon recommendation of the city manager; and that, therefore, the constitutional provision above set forth reserving to the qualified electors of the city the power of the initiative and referendum is not broad enough to empower its use to enact the proposed ordinance. It will be noted, however, that Chapter III, Section 9 of the Charter does provide that the city council *alone* at the time it adopts the annual budget may fix, increase, decrease or modify such salaries.

After carefully studying the provisions of the Charter relative to the manner of invoking the use of the initiative and referendum by electors of the City of Phoenix, we have concluded that we are not now concerned in the instant case with the power of the city council to enact the ordinance in question under the provisions of its Charter, or whether such an ordinance, if enacted, would be legal or illegal. We are concerned here only with whether the city council has the power to decline to act upon a petition proposing an initiated ordinance duly certified to it as being sufficient in form and having affixed thereto the required number of signatures of qualified electors under the provisions of the Charter, Chapter XV, Section 4 above quoted. The city council has only such powers as are vested in it by the provisions of the City Charter. We find nothing in Chapter XV that vests the city council with power other than to pass the ordinance unaltered or to call a special election and submit it to the qualified voters of the city. This is true regardless of what it may believe to be, or has been advised to be, the legal status of such ordinance when enacted. It is clear to us that under the language of the Charter the duty of the council under such circumstances is purely ministerial and mandatory. It certainly cannot be logically argued that the city council can be enjoined from passing an ordinance regardless of whether it is valid or invalid if it is legislative in character and within the scope of municipal government any more than the legislature can be

enjoined from passing a legislative measure. We can see no distinction whatever between the two. It follows, therefore, that the right of the people to initiate legislation cannot be restricted in its exercise of that right to a greater extent than the city council. While it may entail considerable expense to submit the ordinance to a vote of the people this court has not the authority to pass upon the validity or invalidity of said ordinance before its enactment into law. As was said in State v. Osborn, 16 Ariz. 247, 249, 143 P. 117, 118, to do so

"* * * would be tantamount to claiming the power of life and death over every initiated measure by the people. It would limit the right of the people to propose only valid laws, whereas the other law-making body, the legislature, would go untrammeled as to the legal soundness of its measures."

It is only in cases where the initiative petition is defective in form, or does not bear the number of legal signatures required by the Charter, or where the procedure prescribed has not been followed that the court has authority to intervene and enjoin its enactment. Barth v. White, 40 Ariz. 548, 14 P.2d 743; Kerby v. Griffin, 48 Ariz. 434, 62 P.2d 1131.

We recognize a division of authority on this point, but we believe the rule adopted by this court in State v. Osborn, supra, is controlling in this jurisdiction and is supported by the better line of reasoning.

Counsel argues that the proposed ordinance is administrative, not legislative, in character. We of course do not have the ordinance before us, but its title above quoted clearly indicates to us that it is legislative. The case of Shriver v. Bench, 6 Utah 2d 329, 313 P.2d 475, cited by the city attorney is based upon charter provisions different and distinct from the charter provisions here involved.

Judgment affirmed.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concurring.