439 P.2d 290

The CITY OF SCOTTSDALE, a municipal corporation, B. L. Tims, O. D., William C. Jenkins, Leonard Johnson, Robert L. Jones, Doris T. McCauley, Charles Ken Murray, and John Senini, Jr., as members of and constituting the City Council of the City of Scottsdale, Petitioners,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, William H. Gooding, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondents.

No. 9111.

Supreme Court of Arizona.

In Banc.

March 28, 1968.

Richard Filler, City Atty., Scottsdale, for petitioners.

Kramer, Roche, Burch, Streich & Cracchiolo, Phoenix, for respondents.

UDALL, Vice Chief Justice.

We have accepted this matter on petition for certiorari from a judgment rendered by the Superior Court in and for Maricopa

County against the City of Scottsdale, a municipal corporation and its City Council.

On July 3, 1967 the Scottsdale City Council adopted an ordinance rezoning a 7½ acre parcel located on the southwest corner of Scottsdale Road and Lincoln Drive from single family residence usage to neighborhood commercial usage. Immediately after adoption of the ordinance the Council adopted a resolution purporting to voluntarily refer the ordinance to a vote of the electors of the City of Scottsdale.

On August 1, 1967 the City Clerk accepted an initiative petition proposing that the subject property and another parcel not be rezoned to the neighborhood commercial district in the one instance or to a shopping center in regard to the other parcel. The City of Scottsdale has not enacted this initiative measure.

On August 2, 1967 the owners of the 7½ acre parcel filed complaint seeking to enjoin the election called for in the resolution and a declaratory judgment that the resolution was void and that the City Clerk exceeded her jurisdiction in accepting the application for an initiative measure dealing with rezoning which did not comply with the statutory requisites.

After simultaneous trial memoranda were filed and argument heard the trial judge ruled the landowners were entitled to relief, that cities did not have the power to *voluntarily* refer ordinances to a vote of the people, that referendum could not be applied to zoning ordinances, and that a zoning ordinance could not be the subject of an initiative petition, and that in any event the initiative petition here filed did not comply with the statutory form.

Whether the city council or the governing body of the city has the power to voluntarily refer ordinances to the electors, or whether zoning ordinances are subject to the initiative and referendum are matters of great public concern to the cities in Arizona which do not provide by ordinance or charter the manner of exercising the initiative and referendum powers. We have therefore seen fit to grant certiorari in this case.

The petitioner, City of Scottsdale contends, of course, that its council has the power to *voluntarily* refer an ordinance to the electors. We cannot agree. The cities and towns of this state are municipal corporations created by the state and possessory of no greater powers than those delegated to them by the constitution and the general laws of the state, City of Phoenix v. Arizona Sash, Door and Glass Co., 80 Ariz. 100, 293 P.2d 438; City of Flagstaff v. Associated Dairy Products Co., 75 Ariz. 254, 255 P.2d 191. The powers of a city may be further restricted or limited by its organic law, the city charter, which under the constitution, Art. 13, § 2, A.R.S. "supersede[s] any charter then existing (and all amendments thereto), and all ordinances inconsistent with said new charter," and a proposed city charter is approved by the governor only if it is not in conflict with "this Constitution or with the laws of the State." City councils have only those powers which are vested in them by the provisions of their city charter, Williams v. Parrack, 83 Ariz. 227, 319 P.2d 989.

Art. 13 § 2 of the Arizona Constitution also provides that "all courts shall take judicial notice of said charter." The charter of the City of Scottsdale at Article 10, Section 1, provides:

"There is hereby *reserved to the electors of the city the powers of the initiative and referendum* and of the recall of elective officers. *The provisions of the constitution and general laws of the state,* as the same now exist or hereafter may be amended, governing the initiative and referendum and recall of elective officers *shall apply in the city.*

"No initiative measure, however, may change or alter, or remove or limit, any power, right, duty, privilege or immunity conferred by or established by this charter, and no initiative measure which in any way conflicts with a provision of this charter or responsibilities conferred by it, shall, to the extent of such conflict be operative." (Emphasis added.)

It is clear that there is no express authority in the charter provisions for the council to voluntarily refer an ordinance. The express language reserves the powers of the initiative and referendum to the electors and provides further that the "provisions of the constitution and general laws of the state * * * shall apply in the city."

■ Under the Constitution, Art. 13 § 2, it is expressly provided that a *city charter* may "be amended by amendments proposed and submitted by the legislative authority of the city to the qualified electors thereof;" but there is no express constitutional provision for the legislative authority of a city to refer any matter other than the charter to the electors. Art. 4, pt. 1 deals with the subject of "Initiative and Referendum" and Art. 4, pt. 1 § 1(3) provides that the state "Legislature, or five per centum of the qualified electors may order the submission to the people at the polls of any measure * * enacted by the Legislature * * *." On the other hand Art. 4 pt. 1, § 1(8) which deals with local, city, town or county matters makes no such proviso for voluntary referral by their respective legislative authorities. (i. e., city council) and expressly states that "ten per centum of the electors may propose the Referendum on legislation enacted within and by such city, town, or county."

■ The general laws of the state dealing with the subject of initiative and referendum are found in A.R.S. § 19-141 et seq. Nowhere in this chapter do we find that the legislative body of the city is authorized to voluntarily refer matters before it to the electors. A.R.S. § 19-141 concerns itself strictly with procedural matters and advises that "In cities and towns which do not provide by ordinance or charter for the manner of exercising the initiative and referendum powers reserved by the constitution to the people thereof, the provisions of his chapter shall apply to the legislation of such municipalities * * *." Thereafter the duties of various city officers are analogized to their respective state counterparts, e. g.; secretary of state, city clerk; governor, mayor; attorney general, city attorney; but

no parallels are drawn as to the legislature and council and § 19-141 is silent as to the power of a city council "to order the submission of any measure" to a vote of the people at the polls. Thus by implication a corresponding power to that granted the state legislature under the Arizona Constitution, Art. 4, pt. 1 § 1(3), supra, is not delegated to the city council. A.R.S. § 19-142, subsec. A relates specifically to the filing of a referendum by the people (as opposed to a voluntary referral by the council); A.R.S. § 19-143, subsec. A deals with municipal measures proposed by initiative petition, and A.R.S. § 19-143, subsec. B, in conformity with Art. 13, § 2 of the Constitution, supra, expressly provides for voluntary referral or submission to the people *on amendments to the charter.*

■ Thus it appears abundantly clear that under the charter of the City of Scottsdale and the "provisions of the constitution and general laws of the state" the voluntary submission of the ordinance by the council to a special vote of the people, in the absence of a referendum petition therefor, was wholly without authority and outside the delegated powers of the city council.

Since no petition for referendum was filed in this case we need not now consider the question of whether zoning ordinances are proper subjects for the referendum process.

The City of Scottsdale also urges that the trial court erred in ruling that the city clerk exceeded her jurisdiction in accepting an application for initiative dealing with a zoning matter and that the proposed initiative matter was invalid because it did not comply with the notice and public hearing provisions of the state statute or the local ordinance dealing with the subject of municipal zoning.

The petitioner contends that such rulings of the trial court were in excess of the court's jurisdiction because of the following language set out in Williams v. Parrack, supra:

"* * *. It follows, therefore, that the right of the people to initiate legislation cannot be restricted in its exercise of that

right to a greater extent than the city council. While it may entail considerable expense to submit the ordinance to a vote of the people this court has not the authority to pass upon the validity or invalidity of said ordinance before its enactment into law. As was said in State v. Osborn, 16 Ariz. 247, 249, 143 P. 117, 118, to do so

'* * * would be tantamount to claiming the power of life and death over every initiated measure by the people. It would limit the right of the people to propose only valid laws, whereas the other law-making body, the legislature, would go untrammeled as to the legal soundness of its measures.'"

It behooves petitioner to also observe that we said in the *Williams* case:

"It is only in cases where the initiative petition is defective in form, or does not bear the number of legal signatures required by the Charter, *or where the procedure prescribed* has not been followed that the court has authority to intervene and enjoin its enactment. Barth v. White, 40 Ariz. 548, 14 P.2d 743; Kerby v. Griffin, 48 Ariz. 434, 62 P.2d 1131." (Emphasis added.)

In Kerby v. Griffin, supra, we faced a similar argument to that now propounded by petitioner and we said "The fallacy of this reasoning is shown by the fact that the court in that case [Barth v. White, supra] considered carefully the same jurisdictional question raised herein, and in its unanimous opinion expressly held that it did have jurisdiction to hear and determine the matter on its merits, and proceeded to do so," and further:

"The same situation was before us in the case of Kerby v. Luhrs, 44 Ariz. 208, 36 Pac.2d 549, 94 A.L.R. 1502, and again we unanimously enjoined an initiated constitutional amendment from being placed on the ballot, on the ground that it violated the provisions of the Constitution. We think, therefore, both on sound reason and upon the unanimous decisions of our

own court, that when it appears affirmatively the constitutional and statutory rules in regard to the manner in which initiative and referendum petitions should be submitted have been so far violated that there has been no substantial compliance therewith, that the courts have jurisdiction to enjoin the election at the suit of an interested citizen. * * *"

██ It is imperative to keep in mind that we are here dealing with a matter on municipal zoning. This field of law is still relatively new and was not expressly considered by our constitutional fathers. It was the legislature that created and delegated the power to zone to the "governing body of the city," (i. e., city council in the instant case) A.R.S. § 9–461, subsec. A; and it is a well-established general rule that when the legislature grants to a municipal corporation power to do any act and prescribes the manner in which the power shall be exercised, the power must be exercised in the manner stated in the grant and not otherwise, see Robinson v. Lintz, 101 Ariz. 448, 420 P.2d 923; Phillips Petroleum Company v. City of Park Ridge, 16 Ill.App.2d 555, 149 N.E.2d 344. Further, it is fundamental that a municipal corporation has no inherent police power, and hence municipal power of zoning must exist by virtue of a delegated state power. See 8 McQuillin, Municipal Corporations § 25.35 p. 82.

Under the zoning statute "[n]o ordinance shall be enacted nor any amendments made thereto until after a public hearing in relation thereto at which parties in interest and citizens shall have an opportunity to be heard," A.R.S. § 9–462. Moreover, the general zoning ordinance of the City of Scottsdale, Ordinance No. 159, § 3201–10 provides for amendment in the manner contemplated by the above quoted statute.

██ Thus it is clear and we hold that the initiative process is not available as a mode for amending a comprehensive zoning plan. It is an irreconcilable conflict with the due process clause of the United States Constitution, 14th amendment. See generally Eubank v. City of Richmond, 226 U.S. 137, 33

S.Ct. 76, 57 L.Ed. 156; State of Washington ex rel. Seattle Title & Trust Co. v. Roberge, 278 U.S. 116, 49 S.Ct. 50, 73 L.Ed. 210, and the express provisions of the state statute which delegated zoning powers to "the governing body of an incorporated city." A.R.S. § 9–461 et seq.

As stated in 8A McQuillin, Municipal Corporations, § 25.246, p. 148:

"A zoning ordinance, although adopted by the municipal electorate, is void where there has been a failure to observe the requirement of a public hearing. Property owners who seek to initiate rezoning within the city without complying with the provisions of the zoning statute as to notice and public hearings cannot be permitted by this means to by-pass the statute."

In support of our holding numerous authority prevails for the proposition that zoning law is exempted from the initiative process, Dewey v. Doxey-Layton Realty Co., 3 Utah 2d 1, 277 P.2d 805; Hurst v. City of Burlingame, 207 Cal. 134, 277 P. 308; State v. Donohue, 368 S.W.2d 432; Kelley v. John, 162 Neb. 319, 75 N.W.2d 713; and the recent California case of Laguna Beach Taxpayers' Ass'n v. City Council, 187 Cal.App.2d 412, 9 Cal.Rptr. 775, in which it is stated:

"* * * The reason for this rule is that the statute which confers upon the legislative body of the city the power to enact zoning laws prescribes the method by which they are to be adopted or amended: that the method of enactment is the measure of the power to enact: and that the initiative process as used in this case does not conform to this method. * * *"

And in our own case (which held a zoning ordinance to be invalid), Wood v. Town of Avondale, 72 Ariz. 217, 232 P.2d 963, we said:

"Property owners are entitled to notice before the passage of a zoning ordinance which would limit the use of their property. Berrata v. Sales, 82 Cal.App. 324, 255

P. 538; Makrauer v. Board of Adjustment of Tulsa, 200 Okl. 285, 193 P.2d 291. The revocation of a permit to drill an oil well within the city limits, under a zoning ordinance, without notice, is violative of the 14th Amendment of the U. S. Constitution. Trans-Oceanic Oil Corp. v. City of Santa Barbara, 85 Cal.App.2d 776, 194 P.2d 148.

"It is clear that the action of appellees in enacting Ordinance 16 without regard to article 14, A.C.A.1939 (zoning), was illegal and the same is without force and effect and is unconstitutional in that it deprives appellants of their property without due process of law."

Although other issues have been raised and thoroughly and ably argued by the parties to this appeal, it should be clear that the foregoing is dispositive of the fundamental issue of whether the trial court properly enjoined the proposed election.

Judgment affirmed.

McFARLAND, C. J., and STRUCKMEYER, BERNSTEIN, and LOCKWOOD, JJ., concur.