501 P.2d 391

QUEEN CREEK LAND & CATTLE CORPORATION, an Arizona corporation, Appellant,

v.

The YAVAPAI COUNTY BOARD OF SUPERVISORS et al., Appellees.

No. 10893.

Supreme Court of Arizona, In Banc.

Sept. 26, 1972.

450

Rawlins, Ellis, Burrus & Kiewit by William D. Baker and Michael V. Mulchay, Burch, Cracchiolo, Levie, Guyer & Weyl by Frank Haze Burch, Phoenix, for appellant.

Paul G. Rosenblatt, Prescott, for appellees.

HOLOHAN, Justice:

Queen Creek Land and Cattle Company, appellant, brings this appeal to set aside the judgment of the Superior Court of Yavapai County denying injunctive and other relief sought by appellant to prevent the submission to the electorate of Yavapai County of a referendum on the action of the Board of Supervisors of the County in granting the application of the appellant for a change of zoning on its land.

The facts are not in dispute, and they disclose that on September 30, 1971, the

Yavapai County Board of Supervisors approved the application of the appellant to rezone approximately 3,840 acres of land owned by it to permit a major development which would include both residential and commercial uses. Thereafter, appellees Orme, Everall, and Lehman applied to the Board of Supervisors for an official referendum petition number, proposing by means of referendum to reverse the above decision of the Board of Supervisors. A number was issued by the Board, and appellees began to solicit signatures. Appellant sought relief in Superior Court to enjoin the submission of the Board's zoning action to the electorate and to prohibit the Board of Supervisors from proceeding further with the referendum. The matter was tried; judgment denying relief was entered; appellant appealed, and we accepted jurisdiction on application of appellant pursuant to Rule 47(e) of this Court, 17 A.R.S.

Appellant asserts that the question presented is whether referendum of a rezoning action is constitutional or legal. Appellant urges that action by the electorate may result in denial of the property rights of the owner-appellant and that referendum is not applicable to zoning matters.

A more fundamental question presented in this case is whether the judicial power, under the Arizona Constitution, extends to the granting of relief sought by appellant in this case.

Article VI of the Arizona Constitution, A.R.S., establishes the Judicial Department. Its jurisdiction is limited by Article III, the Distribution of Powers Clause:

"The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial . . . and no one of such departments shall exercise the powers properly belonging to either of the others."

■ It is well-established by the decisions of this Court that Article III prohibits the intervention of the judicial depart-

ment in the internal workings of the legislative process. City of Phoenix v. Superior Court, 65 Ariz. 139, 175 P.2d 811 (1946); Adams v. Bolin, 74 Ariz. 269, 247 P.2d 617 (1952). As we said in *Adams:*

"In the absence of express statutory power, the courts are without jurisdiction to interfere, whether by injunction or otherwise, with the exercise of the legislative function or with the enactment of legislation." 74 Ariz. at 285, 247 P.2d at 628.

■■ It has been held further in this state that the constitutional reservation of initiative and referendum powers establishes the electorate as a coordinate source of legislation with the constituted legislative bodies. Allen v. State, 14 Ariz. 458, 130 P. 1114, 44 L.R.A.,N.S., 468 (1913). The people, in exercising the rights of initiative and referendum, must enjoy the same immunity from judicial interference as do the Legislature and the inferior law-making bodies. State v. Osborn, 16 Ariz. 247, 143 P. 117 (1914); Williams v. Parrack, 83 Ariz. 227, 319 P.2d 989 (1957).

In *Osborn,* an action was brought to restrain the Secretary of State from proceeding in connection with an initiative to create a new county. It was contended that this was an unconstitutional submission of a local measure to the statewide electorate. This Court, in refusing to enjoin the Secretary, said:

". . . the power of the people to legislate is as great as the power of the Legislature to legislate, and for the courts to assume a supervision of one of the lawmaking bodies, and require that measures proposed by it must first receive judicial sanction before action by that body, while the other may proceed without let or hindrance, is not in accordance with the letter or spirit of the Constitution." 16 Ariz. at 250, 143 P. at 118.

Williams, supra, reinforced the holding in *Osborn.* The City of Phoenix refused to submit an initiative petition to the voters, arguing that the measure, establishing pay and working conditions for firemen,

concerned matters not subject to initiative. This Court ordered submission of the proposal to the voters, commenting:

". . . we are not now concerned . . . whether such an ordinance, if enacted, would be legal or illegal . . . It is clear to us that . . . the duty of the council . . . is purely ministerial and mandatory. It certainly cannot be logically argued that the city council can be enjoined from passing as ordinance . . . It follows, therefore, that the right of the people to initiate legislation cannot be restricted . . . to a greater extent than the city council." 83 Ariz. at 230, 319 P.2d at 990.

In Iman v. Bolin, 98 Ariz. 358, 404 P.2d 705 (1965), this Court reaffirmed yet again its reluctance to interfere with direct legislation by the people:

"Moreover, even were the measure in conflict with the Constitution, this has no bearing on the right of the people to enact it . . . Only after legislation becomes law will its constitutionality be tested." 98 Ariz. at 364, 404 P.2d at 709.

■ The same rule must hold for referendum, which enjoys equal dignity with initiative as a component of our legislative process, Arizona Constitution, Article IV, Part 1; A.R.S. § 19–144.

■ Proper respect for the Distribution of Powers clause of our Constitution, our tradition of direct popular legislation, and the clear weight of case authority in this and other states compel the conclusion that our courts are without jurisdiction to restrain an initiative or referendum election on the grounds of alleged substantive illegality or unconstitutionality of the action proposed. People ex rel. O'Reilly v. Mills, 30 Colo. 262, 70 P. 322 (1902); Pitman v. Drabelle, 267 Mo. 78, 183 S.W. 1055 (1916); State ex rel. Marcolin v. Smith, 105 Ohio St. 570, 138 N.E. 881 (1922); Anderson v. Byrne, 62 N.D. 218, 242 N.W. 687 (1932); State v. Osborn, supra; Williams v. Parrack, supra; Iman v. Bolin, supra.

■ The availability of injunction through the courts against the use of initiative in a zoning matter has been upheld in City of Scottsdale v. Superior Court, 103 Ariz. 204, 439 P.2d 290 (1968). An attempt to amend a comprehensive zoning plan through the initiative process was held unconstitutional in the cited case on the grounds that such procedure conflicted with due process as required by the 14th Amendment of the U. S. Constitution. Limitation on the use of property through zoning requires notice and opportunity for hearing. Wood v. Town of Avondale, 72 Ariz. 217, 232 P.2d 963.

The action of the city council in voluntarily referring a zoning ordinance to the electors was enjoined in City of Scottsdale v. Superior Court, supra, because the charter of that city made no provision for such action by the council. The question of a referendum initiated by the electors was not decided.

"Since no petition for referendum was filed in this case we need not now consider the question of whether zoning ordinances are proper subjects for the referendum process." 103 Ariz. at 206, 439 P.2d at 292.

A referendum is distinguishable in effect from an initiative in zoning matters. The referendum stays the effect of the action of the law-making body until the electorate has had an opportunity to approve or reject it. It does not change zoning as an initiative would, and the notice and hearing process has been accomplished prior to the referendum.

■ In the case of referendum of a zoning ordinance the traditional rule of noninterference with the legislative process should be observed. After the legislative process is completed any party aggrieved by the action can then seek judicial review.

The judgment of the trial court in denying the relief sought by the appellant is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.