QUESTION:
Is a city required under s. 166.031, F.S., to place an initiative proposal on a ballot, or may the city inquire beyond the valid form of the petition and make a decision based on the substance of the proposal?
SUMMARY:
A city council may not look beyond the valid form of an initiative petition in order to determine whether it should be placed on a ballot.
Section 166.031, F.S., as created by Ch. 73-129, Laws of Florida, gives the electors of a municipality the power to initiate a proposed amendment to the municipal charter. This section further states that "[t]he governing body of the municipality shall place the proposed amendment contained in the . . . petition to a vote of the electors at the next general election." (Emphasis supplied.) The word "shall" as opposed to "may" connotes a mandatory duty. The statute vests no discretion in the governing body of the city. The duty to place the proposal on the ballot is purely ministerial. It is general law that "on the presentation of a proper petition . . . the authorities appointed to call an election on particular measures or propositions have no discretion to refuse to call it." [See] 29 C.J.S. Elections s. 70. The Florida Supreme Court, in Davis ex rel. Taylor v. Crawford,116 So. 41, 42 (Fla. 1928) (a mandamus action to require the Secretary of State to accept a candidate's filing fees so that his name could be on the ballot), said that:
"The law does not give the Secretary of State any power or authority to inquire into or pass upon the eligibility of a candidate to hold office for the nomination for which he is running. It merely provides that the candidate shall file the sworn statement in the form provided by statute, together with his receipt for the committee assessment, with the Secretary of State. . . ."
It would be improper for an administrative officer to rule on the validity or legality of a proposed charter amendment. This is a function reserved to the courts.
Based on the above, I am of the opinion that the duty under s.166.031, F.S., to place an initiative proposal on the ballot is ministerial and vests no discretion in the city council. Therefore, the council may not look beyond the valid form of the petition to determine whether it should be placed on the ballot.
The specific charter proposal involved in this request is a restriction in zoning densities. You have requested that I not discuss the constitutionality of zoning by initiative or referendum but I feel a brief comment is in order. There have been court decisions holding that zoning cannot be done by referendum or initiative. City of Scottsdale v. Superior Court, 439 P.2d 290
(Ariz. 1968); Hancock v. Rouse, 437 S.W.2d 1 (Texas, Ct. Civ. App. 1969); Elliott v. City of Clawson, 175 N.W.2d 821 (Mich.Ct.App. 1970). Apparently there is a court decision from the 18th Circuit, now on appeal, which held zoning by referendum to be unconstitutional. I mention such cases to point out that the proposed density amendment may possibly be invalid. However, only a court of competent jurisdiction can make this determination.